Franca C. MONASTERI, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 00–3038.

United States Court of Appeals,
Federal Circuit.

Nov. 17, 2000.

Roger K. Rutledge, Rutledge & Rutledge, P.C., of Memphis, Tennessee, argued for petitioner.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief was Martha B. Schneider, Acting General Counsel.

Before GAJARSA, LINN, and DYK, Circuit Judges.

DYK, Circuit Judge.

Franca C. Monasteri ("petitioner") seeks review of the final order of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. *Monasteri v. Dep't of State,* Docket No. DC–0351–98–0798–I–1, 84 M.S.P.R. 621 (M.S.P.B. Sept.8, 1999). We conclude that the Board correctly determined that it lacked jurisdiction over Ms. Monasteri's claims, and we therefore affirm.

## BACKGROUND

In October 1969, the United States Department of State hired Ms. Monasteri, an Italian citizen, as a Foreign Service National ("FSN") employee of the United States Consulate General in Palermo, Italy. On May 31, 1991, the State Department terminated Ms. Monasteri from her position as a result of a reduction in force ("RIF") related to the downsizing and closure of the consulate. That same day, the U.S. Consul–General in Palermo asked the U.S. Embassy in Rome to transfer petitioner to a vacant position with the United States consulate in Naples. Petitioner was interviewed for that position, but another former FSN employee of the Palermo consulate was ultimately hired.

Following her termination as an FSN employee, petitioner worked at the consulate as a consultant and personal service contractor. Ms. Monasteri was permanently separated from her employment with the Palermo consulate when it closed on January 31, 1994.

Ms. Monasteri appealed the abolition of her FSN position with the Palermo consulate to the State Department's informal RIF Review Board, which denied her claim.[1] Ms. Monasteri subsequently appealed her termination and the denial of her transfer request to the Office of Personnel Management ("OPM"), which also denied her claims.[2] Petitioner did not appeal at that time to the Merit Systems Protection Board. Rather, on June 2, 1997, she commenced an action in the U.S. District Court for the District of Columbia against Secretary of State Madeleine K. Albright and OPM for breach of contract, equitable relief, breach of the Foreign Service Act of 1980, and breach of the Federal Employees' Retirement System Act.

[1]. Ms. Monasteri could not lodge a formal grievance with the State Department, because that avenue of appeal is available only to a "member of the [Foreign] Service who is a citizen of the United States...." 22 U.S.C. § 4131(a)(1).

[2]. Ms. Monasteri also appealed to OPM the denial by the State Department of her March 1992, application for reinstatement into the United States Civil Service Retirement System (CSRS). The OPM denied her claim. Ms. Monasteri subsequently appealed to the Merit Systems Protection Board, which dismissed her appeal for lack of jurisdiction. *Monasteri v. Office of Personnel Management,* Docket No. DC–0831–98–0799–I–1, 84 M.S.P.R. 621 (M.S.P.B. Sept.8, 1999). This appeal does not challenge that decision of the Board.

On September 16, 1997, the defendants moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. On August 4, 1998, the district court granted the defendants' motion and dismissed the complaint without prejudice. *Monasteri v. Albright,* No. 97–1238 (D.D.C. Aug. 4, 1998). The district court held that "plaintiff's entire case should be [within] the exclusive jurisdiction of the MSPB [Merit Systems Protection Board] and the Federal Circuit." *Id.* at 11.

On September 3, 1998, Ms. Monasteri appealed the termination of her FSN position and the denial of her transfer request to the Board. On December 30, 1998, an administrative law judge dismissed her claims for lack of jurisdiction. The administrative judge noted that, pursuant to 5 C.F.R. § 351.201(d), FSN employees terminated as a result of an agency's reduction in force may not appeal their terminations to the Board. The administrative judge concluded that the regulation governed Ms. Monasteri's termination and accordingly dismissed her claims. The administrative judge's decision became final when the Board denied review on September 8, 1999. *See* 5 C.F.R. § 1201.113(b). This appeal followed.

## DISCUSSION

Before this court, Ms. Monasteri argues that the Board erred in relying on 5 C.F.R. § 351.201(d) to dismiss her claims. Petitioner does not challenge the validity of that regulation, but contends that her status as an FSN employee should not deprive her of the right to appeal to the Board. We have jurisdiction over Ms. Monasteri's appeal from the Board's final decision pursuant to 28 U.S.C. § 1295(a)(9).

█ Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision un-

less we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Chase–Baker v. Dep't of Justice,* 198 F.3d 843, 845 (Fed.Cir.1999). The scope of the Board's jurisdiction is a legal question that we review *de novo. Forest v. Merit Systems Protection Bd.,* 47 F.3d 409, 410 (Fed.Cir.1995).

█ This Court has repeatedly recognized that the Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board "under any law, rule or regulation." 5 U.S.C. § 7701(a); *Martinez v. Merit Systems Protection Bd.,* 126 F.3d 1480, 1482 (Fed. Cir.1997). Ms. Monasteri has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2). A party's representations concerning the existence of Board jurisdiction cannot confer jurisdiction where none exists. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Dunklebarger v. Merit Systems Protection Bd.,* 130 F.3d 1476, 1480 (Fed.Cir.1997).

## I

Ms. Monasteri first argues that the Board erred in declining to exercise jurisdiction over her claim regarding the alleged impropriety of her RIF termination.

It is undisputed that Ms. Monasteri, as an FSN employee, was a member of the United States Foreign Service at the time of her RIF termination. *See* 22 U.S.C. § 3903(6). Both parties agree that she is therefore afforded the protections of 22 U.S.C. § 3905(b), which provides, in pertinent part, that:

> The Secretary . . . shall prescribe such regulations as may be necessary to ensure that members of the Service . . . (1) are free from discrimination on the basis

of race, color, religion, sex, national origin, age, handicapping condition, marital status, geographic or educational affiliation within the United States, or political affiliation [and] ... (4) are free from any personnel practice prohibited by section 2302 of Title 5.

Petitioner alleges that she suffered discrimination based on national origin, in violation of this section.

■ Both parties agree that 22 U.S.C. § 3905(b) does not confer Board jurisdiction over Ms. Monasteri's claims. However, the petitioner here urges that Board jurisdiction is conferred by 5 C.F.R. § 351.901, which provides that "[a]n employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action may appeal to the Merit Systems Protection Board." The government agrees that Ms. Monasteri is covered by this language. However, it contends that 5 C.F.R. § 351.201(d) strips the Board of jurisdiction in cases such as the present one. That regulation provides, in pertinent part, that:

An agency authorized to administer foreign national employee programs under section 408 of the Foreign Service Act of 1980 (22 U.S.C. 3968) may include special plans for reduction in force in its foreign national employee programs.

... Subpart I of this part does not apply to actions taken under the special plans authorized by this paragraph.

The clear language of 5 C.F.R. § 351.201(d) forecloses petitioner's arguments regarding the scope of the Board's jurisdiction. It is undisputed that subpart I encompasses section 901. Neither do the parties dispute that the State Department terminated Ms. Monasteri pursuant to its "special plans for reduction in force in its foreign national employee programs." 5 C.F.R. § 351.201(d).

It seems odd, to put it mildly, that 22 U.S.C. § 3905 confers rights that cannot be vindicated by appeal to the Board (but rather through the informal grievance procedure of the State Department's RIF Review Board). Nonetheless, that is what the governing regulations provide.

If section 201 were ambiguous, we would be inclined to construe it so as to afford Board jurisdiction, in order to allow the Board to vindicate the rights conferred by 22 U.S.C. § 3905. *See United States v. Williams,* 514 U.S. 527, 536, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995) (construing tax refund statute to provide a remedy to avoid denying a remedy for an established right). However, we can perceive no ambiguity in the language of 5 C.F.R. § 351.201(d), which on its face withdraws jurisdiction from the Board in cases such as this. We are therefore compelled to affirm the Board's dismissal of Ms. Monasteri's claim regarding her RIF termination.

## II

■ Ms. Monasteri further contends that the Board erred in declining jurisdiction over the allegedly improper denial of her transfer request. This claim is not barred by 5 C.F.R. § 351.201(d) because there is no evidence that the request was denied as part of the consulate's reduction in force of its FSN employees. Nevertheless, we hold that the Board lacks jurisdiction to review the denial of the transfer request.

■ Ms. Monasteri's claim is essentially a complaint regarding the failure of the State Department to select her for the vacant position. As this court has previously noted, "[a]n agency's failure to select an applicant for a vacant position is generally not appealable to the Board." *Prewitt v. Merit Systems Protection Bd.,* 133 F.3d 885, 886 (Fed.Cir.1998); *see also Ellison v. Merit Systems Protection Bd.,* 7 F.3d 1031, 1034 (Fed.Cir.1993) (non-selection

for promotion); *Diamond v. United States Postal Serv.*, 51 M.S.P.R. 448, 450 (1991) (non-selection for appointment), *aff'd*, 972 F.2d 1353 (Fed.Cir.1992) (table). There are limited exceptions to this general rule. For example, the Whistleblower Protection Act gives the Board jurisdiction over an individual's claim that she was denied an appointment or a promotion because of a disclosure covered by 5 U.S.C. § 2302(b)(8). *See* 5 U.S.C. § 1221(a); *Ellison*, 7 F.3d at 1034. However, Ms. Monasteri did not demonstrate that her appeal fell within any recognized exception.

## III

In sum, we find that the Board correctly determined that it lacked jurisdiction to adjudicate Ms. Monasteri's claims relating to the termination of her FSN position and the denial of her transfer request. We express no views as to whether a remedy is available to Ms. Monasteri elsewhere.[3]

## CONCLUSION

For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.

## COSTS

No costs.

*AFFIRMED.*

---

3. In the alternative, Ms. Monasteri urges us to remand this case to the U.S. District Court for the District of Columbia for adjudication on its merits. We have no jurisdiction to award such relief. 28 U.S.C. § 1295.