**Keith W. EDWARDS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3037.

United States Court of Appeals, Federal Circuit.

May 9, 2002.

Before NEWMAN, GAJARSA, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

The Merit Systems Protection Board ("the Board") dismissed as untimely filed Keith W. Edwards's appeal of his non-selection for three vacant positions with the Department of Justice, Bureau of Prisons ("the agency"). *Edwards v. Merit Sys. Prot. Bd.*, No. DA–0731–00–0512–I–1 (M.S.P.B. Nov.2, 2000), *recons. denied*, DA–0731–00–0512–I–1 (MSPB Aug. 27, 2001). We *affirm*.

Twice in 1996 and once in 1997, Mr. Edwards applied for vacant Correctional Officer positions within the agency. *Edwards*, slip op. at 5 (Nov. 2, 2000). The agency did not select Mr. Edwards to fill any of these positions. *Id.* at 2. However, Mr. Edwards was selected for a career conditional appointment with the agency on April 25, 1998. *Id.* at 5. On July 5, 2000, notwithstanding his subsequent appointment, Mr. Edwards submitted to the Board an appeal of the agency's 1996 and 1997 non-selections. *Id.* at 6. The appeal alleged, *inter alia*, that the agency had based these non-selections on erroneous negative determinations regarding Mr. Edwards's suitability for employment. *Id.* at 2.

The Administrative Judge ("AJ") reviewing the appeal expressly assumed, without deciding, that the Board had jurisdiction over the appeal. *Id.* at 3. The AJ went on to find that Mr. Edwards knew that the agency had not selected him to fill the three Correctional Officer position vacancies for which he had applied in 1996 and 1997 when he received his career conditional appointment on April 25, 1998. *Id.* at 5. The AJ consequently ruled that the 30–day time limit for filing an appeal from the non-selections at issue began to run on that date. *Id.* at 5; *see* 5 C.F.R. § 1201.22(b) (2000). The AJ further found that because the appeal had been submitted about two years after the critical date, it had not been timely filed within the 30–day limit. *Id.* at 6.

The AJ then considered whether Mr. Edwards had met his burden of showing good cause for the 20–month delay in filing his appeal such that the time limit for doing so could be waived. *Id.* at 6–12; *see* 5 C.F.R. § 1201.12 (2000). To establish such good cause, Mr. Edwards was required to show that he had exercised due diligence or ordinary prudence under the circumstances of the case in pursuing his appeal. *Id.* at 6. In determining whether Mr. Edwards had made such a showing, the relevant factors that the AJ considered included, *id.* at 8–9:(1) that the filing delay of 20 months was "lengthy", *id.* at 10; (2) that the agency had not notified Mr. Edwards of any appeal right, *id.;* (3) that Mr. Edwards had pursued his appeal pro se,

*id.;* (4) that there was no evidence that Mr. Edwards diligently or prudently pursued his appeal during the time leading up to the filing date, *id.* at 10–11; and (5) that there was no evidence of other circumstances beyond Mr. Edwards's control that affected his ability to comply with the filing deadline, *see id.* at 11. Weighing all of these factors, the AJ found that Mr. Edwards had not made the requisite showing of good cause for the delay and consequently dismissed the appeal as untimely. *Id.* at 12.

Mr. Edwards petitioned the Board to reconsider the AJ's decision. *Edwards,* slip op. at 1 (Aug. 27, 2001). The Board concluded that the petition presented no new, previously unavailable evidence, and that the AJ had made no error of law or regulation that would affect the outcome of Mr. Edwards's appeal. *Id.; see* 5 C.F.R. § 1201.115 (2000). The Board therefore denied the petition for review, making the AJ's decision the final decision of the Board. *Edwards,* slip op. at 1 (Aug. 27, 2001). Mr. Edwards has appealed that final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2002).

This court's scope of review over decisions of the Board is limited by statute. *Monasteri v. Merit Sys. Prot. Bd.,* 232 F.3d 1376, 1378 (Fed.Cir.2000). We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2002); *see also Monasteri,* 232 F.3d at 1378.

The crux of Mr. Edwards's argument before this court is that, in determining whether he had good cause for the delay in filing his appeal of the three non-selections at issue, the Board erred by failing to consider that the agency had not given him notice of his appeal rights as to such non-selections. However, the Board's analysis of whether Mr. Edwards had established good cause for his filing delay expressly acknowledges that Mr. Edwards received no such notice. *Id.* at 10; *id.* at 12. The Board then went on to find that even this lack of notice combined with the fact that Mr. Edwards had pursued his appeal pro se was insufficient to overcome the Board's findings that the filing delay was "lengthy" and that there was no evidence that Mr. Edwards acted diligently or prudently in pursuing his appeal or that other circumstances beyond his control existed that caused the delay. *Id.* at 10–12. We cannot say that the Board's conclusion in this respect or otherwise was arbitrary, capricious, an abuse of discretion, obtained without law, rule, or regulation having been followed, or unsupported by substantial evidence.

The final decision of the Board is therefore *affirmed.*

No costs.