**Gerald D. MICHAUD, Petitioner,**

v.

**DEPARTMENT OF the ARMY, Respondent.**

No. 02–3137.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2002.

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Gerald D. Michaud seeks review of the final order of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Michaud v. Army*, Docket No. BN–3443–01–0179–I–1 (M.S.P.B. Oct. 16, 2001). We conclude that the Board correctly determined that it lacked jurisdiction over Mr. Michaud's claim, and we therefore *affirm.*

BACKGROUND

On July 3, 1999, Mr. Michaud, who was employed by the Department of the Army ("Agency") as a Park Ranger, was subject to a reduction-in-force ("RIF") action which resulted in his reassignment to a GS–07 Park Ranger position at Hop Brook Lake, and later at Oxford, Massachusetts. Subsequently, Mr. Michaud applied to a number of vacancy announcements within the Agency, including the one for a GS–025–9 Park Ranger position at the Cape Cod Canal Field Office, at issue here.

On May 30, 2001, Mr. Michaud was notified in writing that he had not been selected for the GS–025–9 Park Ranger position, although the Agency determined him to be among the "Best Qualified" candidates. The record below indicates that Mr. Michaud had previously filed an age discrimination complaint with the Equal Employment Opportunity Commission and a settlement agreement was reached between him and the Agency. According to the Agency, the agreement provided, *inter alia,* that Mr. Michaud's acceptance of a developmental assignment at Buffumville Lake from December 3, 2000, to December 4, 2001, would constitute a waiver of consideration for promotion to the GS–

025–9 position at issue in this case, or to any other park ranger positions for a period of one year.[1]

Mr. Michaud appealed the Agency's May 30, 2001, non-selection decision to the Board on the grounds that he was qualified for that position and that he had been treated unfairly.

On June 22, 2001, the Board issued an Acknowledgement Order alerting Mr. Michaud that the Agency's failure to select him for the GS–025–9 Park Ranger position may not be an appealable action, and ordering Mr. Michaud to proffer evidence that would establish the Board's jurisdiction over his claim. Subsequently, during a telephonic status conference held on August 6, 2001, between the Board, Mr. Michaud, and an Agency representative, Mr. Michaud was for the second time ordered to show cause on the issue of jurisdiction. Mr. Michaud responded to both orders by submitting evidence that was irrelevant to the pending claim and insufficient to establish the Board's jurisdiction.

In an effort to assist Mr. Michaud in submitting evidence on the jurisdictional issue and to clarify his appeal and arguments, the Board specifically requested Mr. Michaud to answer a number of jurisdictional questions. Since Mr. Michaud had been subject to a RIF, he was also advised regarding the regulations pertaining to reemployment priority lists and reemployment priority rights, and was notified that the Board would have had jurisdiction to review an alleged violation of the cited regulations.

After reviewing all the evidence, the Board finally determined that Mr. Michaud was appealing the GS–025–9 non-selection decision by the Agency, and was not appealing a potential violation of reemployment rights. It concluded that he had failed to sufficiently establish the Board's jurisdiction. Accordingly, the Board dismissed the appeal for lack of subject matter jurisdiction.

## DISCUSSION

We have jurisdiction to review a final Board decision pursuant to 28 U.S.C. § 1295(a)(9) (2000). However, our scope of review in an appeal from the Board is limited, and we will not disturb a decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). The Board's denial of jurisdiction is a legal question which this Court reviews *de novo*. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000); *Brown v. United States*, 195 F.3d 1334, 1337 (Fed.Cir.1999).

This Court has repeatedly recognized that the Board's jurisdiction is limited to actions designated appealable to it "under any law, rule or regulation." 5 U.S.C. § 7701(a); *Martinez v. Merit Sys. Prot. Bd.*, 126 F.3d 1480, 1482 (Fed.Cir.1997). Petitioner must establish the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985); *Link v. Dep't of the Treasury*, 51 F.3d 1577, 1581 (Fed.Cir.1995). A party's representations concerning the existence of Board jurisdiction cannot confer jurisdiction where none exists. *Dunklebarger v. Merit Sys. Prot. Bd.*, 130 F.3d 1476, 1480 (Fed.Cir.1997).

---

1. There is no evidence in the record regarding this alleged settlement agreement. As we dispose of this case on other grounds, we will not consider whether any such waiver existed, and if it did, whether it was enforceable.

It is well settled that an agency's failure to select a candidate for promotion or for a vacant position is not an appealable action. *See, e.g., Monasteri,* 232 F.3d at 1379–80; *Prewitt v. Merit Sys. Prot. Bd.,* 133 F.3d 885, 886–87 (Fed.Cir.1998).

There exist only limited exceptions to this rule, where issues pertain, for instance, to prohibited personnel practices or the Whistleblower Protection Act. *Prewitt,* 133 F.3d at 886–87. Even in those instances, the petitioner has the burden to prove by a preponderance of the evidence that his appeal falls within one of these exceptions. *Maddox,* 759 F.2d at 10.

It is clear from the record and from the parties' informal briefs that Mr. Michaud is appealing precisely the Agency's failure to select or promote him to the GS–025–9 Park Ranger position. However, Mr. Michaud failed to substantiate how his non-selection for the above referenced position constitutes in any way an action appealable to the Board. Mr. Michaud did not allege that such agency's decision gave rise to a violation of his reemployment rights, even after the Board's indication that such an allegation may have been reviewable; nor did he allege, or much less prove, that his claim fell into one of the appealable exceptions.

In conclusion, because Mr. Michaud failed to meet his burden of establishing the Board's jurisdiction as required, we find that the Board did not abuse its discretion or otherwise act contrary to law in dismissing the appeal for lack of subject matter jurisdiction. Accordingly, we affirm.

No costs.