Joseph L. RAINONE, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 02–3164.

United States Court of Appeals, Federal Circuit.

Jan. 17, 2003.

No. 03–1128.

United States Court of Appeals, Federal Circuit.

Jan. 14, 2003.

ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).

Before RADER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Joseph L. Rainone, an employee of the United States Postal Service (USPS), seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. *Rainone v. Office of Pers. Mgmt.,* No. NY831E010136–I–1, 2002 WL 236830 (Jan. 10, 2002). Because the Board correctly determined it lacked jurisdiction to hear Mr. Rainone's appeal, this court *affirms.*

## I.

On February 11, 2000, Mr. Rainone applied for disability retirement under the Civil Service Retirement System (CSRS), claiming he suffered from various disorders, including stress, anxiety and depression. The USPS employed Mr. Rainone as a Computerized Mail Forwarding Operations Supervisor at the time he filed this application. At that time, he had been absent from work since June 18, 1999. After Mr. Rainone filed his application for disability retirement, the USPS notified Mr. Rainone by letter dated November 2, 2000, that he was being permanently reassigned to a position as a Distributions Operations Supervisor. The purpose of the reassignment was to facilitate Mr. Rainone's ability to "acclimate" himself as a supervisor in light of his extended absence from work.

Under the provisions of 5 C.F.R. § 831.1203(a), the Office of Personnel Management (OPM) evaluated Mr. Rainone's application for evidence of a service deficiency caused by disease or injury of sufficient degree to preclude useful and efficient service in Mr. Rainone's current position, or one to which he was qualified for reassignment. *See* 5 C.F.R. § 831.1203(a) (2000). In reviewing Mr. Rainone's application, OPM found that Mr. Rainone did not meet all of the criteria for disability retirement eligibility. OPM explained to Mr. Rainone in a letter dated June 16, 2000, that claims for disability retirement must include documentation clearly and specifically showing all of the requisite criteria. Among the criteria considered, OPM found that while Mr. Rainone exhibited a service deficiency in attendance, a performance deficiency caused by one of Mr. Rainone's medical conditions was not established. OPM also found that Mr. Rainone's documentation did not substantiate the existence of a disabling medical condition that prevented him from performing the essential duties of his position. Moreover, OPM found no indication that Mr. Rainone ever sought accommodation for his medical conditions. Thus, OPM denied Mr. Rainone's application for disability retirement under the CSRS.

On January 10, 2001, after Mr. Rainone requested reconsideration, OPM affirmed its initial decision denying disability retirement. Considering all the evidence, including additional material submitted by Mr. Rainone, OPM found that the evidence did not support a determination that Mr. Rainone's medical conditions warrant his continued absence. OPM concluded Mr. Rainone did not demonstrate that his conditions prevent him from performing useful and efficient service in his position.

Mr. Rainone appealed OPM's decision to the Board. OPM filed a motion to dismiss the appeal based on the provisions of 5 C.F.R. § 831.1207(d), which states that a disability retirement application is considered withdrawn by OPM when the agency reports to OPM that it has reassigned an applicant, or an applicant has refused reassignment to a vacant position. 5 C.F.R. § 831.1207(d) (2000). Because Mr. Rainone was reassigned to a different position by the USPS, and because OPM was notified of this reassignment, the Board's administrative judge deemed Mr. Rainone's

application withdrawn. The Board did note that OPM was not immediately notified of the reassignment of Mr. Rainone, but the Board found the delay did not preclude withdrawal of Mr. Rainone's application. Although Mr. Rainone argued that his reassignment under § 831.1207(d) was merely a means to defeat his application for disability, the Board held this allegation unfounded. Therefore, the administrative judge concluded that the appeal must be dismissed for lack of jurisdiction.

Acting pro se, Mr. Rainone sought review of the initial decision of the administrative judge. The full Board rejected his appeal on January 10, 2002, and Mr. Rainone's petition for review in this court followed.

## II.

Whether the Board possesses jurisdiction to adjudicate a case is a question of law, which this court reviews *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995). The Board's jurisdiction is limited to those actions made appealable to it by law, rule or regulation. *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir.1999). The appellant to the Board bears the burden of proving the Board has jurisdiction by a preponderance of the evidence. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000).

This court affirms a final decision of the Board unless the decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. *See* 5 U.S.C. § 7703(c) (2000); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). However, when OPM denies applications for disability retirement, this court's standard of review of the final Board decision sustaining OPM's denial is further limited by 5 U.S.C. § 8347(c), the statute governing judicial review of disability retirement cases. This statute states:

> The Office (OPM) shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review.

5 U.S.C. § 8347(c) (2000). In *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that this court is without power to review the Board's factual determinations on whether an applicant has shown by preponderant evidence entitlement to disability retirement. Therefore, this court's review authority in disability retirement cases only permits a determination of whether "there has been a substantial departure from important procedural rights, a misconstruction of applicable law, or some other error 'going to the heart of the administrative determination.'" *Id.* at 780, 105 S.Ct. 1620 (citing *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (Ct.Cl.1968)).

The Board found that Mr. Rainone was reassigned by the USPS. Because of this reassignment, the Board properly held Mr. Rainone's application was withdrawn under the plain meaning of § 831.1207(d). Mr. Rainone did not establish why this regulation should not apply to his application. Therefore, the Board did not err in finding it lacked jurisdiction to consider Mr. Rainone's appeal.

Because the Board properly determined its jurisdiction, the final decision of the Board is affirmed.