**James A. VER HELST, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 04–3018.

United States Court of Appeals, Federal Circuit.

DECIDED: July 9, 2004.

Michael D. Austin, Principal Attorney, David M. Cohen, of Counsel Attorney, Deborah A. Bynum, of Counsel Attorney, Department of Justice, Washington, DC, for Respondent.

James A. Ver Helst, of Counsel Attorney, Black Hawk, SD, Petitioner Pro se.

Before RADER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

James A. Ver Helst ("Ver Helst") appeals the final decision of the Merit Systems Protection Board ("Board"), *Ver Helst v. Dep't of Veterans Affairs*, 94 M.S.P.R. 486, 2003 MSPB LEXIS 475, August 12, 2003, denying his petition for review of the June 13, 2002, initial decision dismissing various claims for lack of jurisdiction and denying his discrimination claim for failing to show evidence. Because Ver Helst did not present significant new evidence to the Board, and because the administrative judge did not err in interpreting the law, we *affirm*.

## BACKGROUND

Ver Helst entered duty as a Dentist under 38 U.S.C. § 7401(1) in 1973. On July 1, 1996, the administrations of the Fort Meade DVAMC and the Hot Springs DVAMC Dental Services merged without invoking the reduction-in-force ("RIF") regulations of 5 C.F.R. Part 351. Instead, the then-current Chief of Staff of the Department of Veterans Affairs ("DVA") Black Hills Health Care System ("BHHCS") solicited interest from the three on-site Dentists for the new Chief position of the consolidated Dental Services.

Ver Helst, as then-current Chief of Dental Services of Fort Meade DVAMC, and Staff Dentist Craig J. Fischer of Fort Meade DVAMC both applied for the new position by competitive selection. George T. Waxler, then-current Chief of Dental Services of Hot Springs DVAMC, did not apply. In the selection of a new Chief, the selection panel chose Fischer over Ver Helst. While Ver Helst and Waxler were subsequently reassigned to Staff Dentist positions, their DVA Dentist pay schedules remained the same at the "Chief Grade Level" and, thus, neither was demoted to a lower grade level.

Shortly thereafter, over management's concerns about Ver Helst's health, the DVA Physical Standards Board determined that he was no longer able to physically perform his duties. Following that determination, Ver Helst voluntarily separated from DVA in late 1999 to accept a Title 5 position with the Department of Labor.

On September 18, 2000, Ver Helst filed an appeal to the Merit System Protection Board ("Board") over 1) the failure by DVA to implement RIF regulations in their merger of the two DVAMC's, 2) Ver Helst's demotion from a Title 38 to a Title 5 position, 3) DVA's denial of veteran's preference for Ver Helst, 4) DVA's discrimination against Ver Helst based on his military service, and 5) DVA's discrimination against Ver Helst based on his disability and/or taking reprisal action against him for filing the complaints.

In the initial decision, the Administrative Judge dismissed the first four of Ver Helst's claims for lack of jurisdiction and denied his discrimination complaint for failure to show discrimination by preponderance of the evidence. Subsequently, the Board denied Ver Helst's petition for review by the full Board and adopted the Administrative Judge's position as its final decision. *See* 5 C.F.R. § 1201.115(d) (2004); *Ver Helst*, 94 M.S.P.R. 486, 2003 MSPB LEXIS 475. Ver Helst timely appealed. This Court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2004).

## DISCUSSION

We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5

U.S.C. § 7703(c) (2004); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The Board's dismissal of Ver Helst's appeal for failure to invoke its jurisdiction is a question of law. *See Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000). We review the Board's rulings on questions of law without deference. *See Id.*

The Board's jurisdiction is limited to those matters conferred on it by applicable law or regulation. 5 U.S.C. § 7701(a) (2004); *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985). The Board has jurisdiction to hear cases under the provisions of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). 38 U.S.C. § 4324(c)(1)-(2) (2004); *Metzenbaum v. Dep't of Justice*, 89 M.S.P.R. 285, 289 (2001).

■ The Board correctly determined that it lacked jurisdiction to hear the first four of Ver Helst's claims. The Board lacked jurisdiction to hear Ver Helst's RIF claim because Ver Helst was not affected by an appealable RIF action. While the RIF regulations, pursuant to 5 C.F.R. Part 351, apply to Title 38 DVA health professionals, *see James v. Von Zemenszky*, 284 F.3d 1310, 1315 (Fed.Cir.2002), only 3 types of RIF actions are appealable to the Board: 1) furlough for more than 30 days, 2) separation, or 3) demotion. *See* 5 C.F.R. § 351.901 (2004). Even if DVA had implemented a RIF action in the merger, Ver Helst was not affected by an appealable action when he was laterally reassigned from one Dental position to another without the loss of grade or base pay. *See Id.;* 5 C.F.R. § 210.102(b)(4) (2004). Similarly, the loss of certain pay unrelated to base pay would not convert a reassignment to an appealable demotion. *See Id.*

■ Second, the Board lacked jurisdiction to hear Ver Helst's demotion claim because his Title 38 position was not entitled to direct appeal rights. 5 U.S.C. § 7513(d) (2004). More particularly, 5 U.S.C. § 7513(d) "does not apply to an employee who holds a position within the Veterans Health Administration which has been excluded from the competitive service by or under a provision of title 38, unless such employee was appointed to [a § 7401(3) position]." 5 U.S.C. § 7511(b)(10) (2004). *See Pichon v. Dep't of Veterans Affairs*, 67 M.S.P.R. 325, 326–27 (1995); *Exum v. Dep't of Veterans Affairs*, 62 M.S.P.R. 344, 346 (1994). Because Ver Helst was appointed under title 38, § 7401(1), rather than § 7401(3), 5 U.S.C. § 7513(d) is not applicable.

■ Third, the Board lacked jurisdiction to hear Ver Helst's claim for denial of veteran preference under the Veterans Employment Opportunities Act of 1998 (VEOA). *See* 5 U.S.C. § 3330(a) (2004). VEOA provides redress to a veteran who alleges that an agency has violated his right to a veteran's preference in hiring, and applies only to those who seek a competitive appointment to Federal service. *See Scarnati v. Dep't of Veterans Affairs*, 344 F.3d 1246, 1248 (Fed.Cir.2003). More importantly, VEOA "cannot override the discretionary power given to the [Veterans Health Administration of the DVA] to hire health care professionals under 38 U.S.C. § 7401(1) outside the civil service appointment process, including the veterans' preference requirements." *Id.* Here, because Ver Helst, then serving as a Title 38 dentist, sought another Title 38 position, the VEOA is inapplicable.

■ Fourth, the Board correctly denied Ver Helst's discrimination complaints because Ver Helst failed to show that DVA discriminated against him due to his prior military service. Under 38 USC § 4311(a) (2004), USERRA prohibits discrimination

in employment based on military service. In making a USERRA claim of discrimination, the employee bears the initial burden of showing, by a preponderance of the evidence, that his military service was "a substantial or motivating factor" in the challenged employment action. *Id.; Sheehan v. Dep't of Navy,* 240 F.3d 1009, 1013 (Fed.Cir.2001); *NLRB v. Transp. Mgmt. Corp.,* 462 U.S. 393, 400–01, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983).

Here, Ver Helst did not present any evidence that DVA discriminated against him due to his prior military service. The Board noted that DVA, whose sole mission is to provide medical and other services to veterans, is unlikely to have discriminated against one of its own employees based upon prior military service. Moreover, DVA's decision to award the position at issue to a veteran serves as strong evidence that DVA did not discriminate based upon prior military service. Thus, because Ver Helst failed to show that his military service was "a substantial or motivating factor" for DVA's actions, we affirm the Board's decision as Ver Helst failed to carry his burden of proof. *See Sheehan* 240 F.3d at 1013.

■ Fifth, the Board lacked jurisdiction over Ver Helst's claims of disability discrimination and reprisal actions because Ver Helst did not identify matters appealable to the Board. *See Prior v. Dep't of the Air Force,* 56 M.S.P.R. 561, 568 (1993); *Roja v. Dep't of the Navy,* 55 M.S.P.R. 618, 622 (1992). Moreover, the Board's jurisdiction under USERRA does not extend to a review of traditional discrimination or reprisal claims. *See Metzenbaum,* 89 M.S.P.R. at 291–92.

## CONCLUSION

Because the Board correctly determined that it lacked jurisdiction to hear four of Ver Helst's claims, and correctly determined that Ver Helst had presented no evidence in support of his fifth claim, we affirm.