NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3134

MARILYN JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  October 12, 2005

_____

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

DECISION

Marilyn Jones ("Jones") appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal of her removal as a secretary from the U.S. Army Corps of Engineers ("agency") for lack of jurisdiction.  Jones v. Dep't of Navy, No. AT-0752-04-0238-I-1 (M.S.P.B. January 27, 2005) ("Final Order").  We affirm. I

The U.S. Army Corps of Engineers removed Jones from her position on December 2, 2003.  On December 30, 2003, Jones filed a discrimination complaint with the agency's Equal Employment Opportunity office, which received her facsimile filing

sometime before 11:00 a.m. On the same day, Jones filed an appeal by facsimile with the Board at 3:47 p.m.

On February 12, 2004, a Board administrative judge ("AJ") dismissed Jones's appeal for lack of jurisdiction because Jones filed the discrimination complaint with the agency before filing the appeal with the Board. ones filed a petition for review of the AJ's initial decision on March 4, 2004. On October 20, 2004, while that petition for review was still pending, the agency rendered a final decision on the discrimination complaint. The agency's decision issued more than 120 days after the filing of the discrimination complaint.[1]

On January 27, 2005, the Board issued a final order affirming the AJ's determination that the Board lacked jurisdiction over Jones's appeal. Jones timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

This court must affirm the decision of the Board unless the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). The issue of whether the Board has jurisdiction over an appeal is a question of law which this court reviews de novo. See Monasteri v. Merit Sys. Prot. Bd., 232 F.3d 1376, 1378 (Fed. Cir. 2000).

---

[1] Jones has not filed a Board appeal based on the final decision by the agency.

05-3134                                    2

III

Jones argues that the Board erred in not reviewing her appeal or sending her appeal to the Board's regional office. We consider her arguments in turn.

A

The pertinent regulation, 5 C.F.R. § 1201.154(b), states in part:

> (1)    An appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue; or
> (2)    If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

5 C.F.R. § 1201.154(b) (2005).

Jones timely filed her discrimination complaint with the agency on December 30, 2003. Jones filed an appeal to the Board later the same day.

Jones cannot appeal to the Board within 120 days of the filing of her discrimination complaint without a final decision by the agency. See, e.g., Ballentine v. Merit Sys. Prot. Bd., 738 F.2d 1244, 1248 (Fed. Cir. 1984); see 5 C.F.R. § 1201.154(b)(2). Therefore, the AJ did not err in holding that the Board lacked jurisdiction of Jones's appeal on February 12, 2004 because 120 days had not lapsed since December 30, 2003 and the agency had not yet rendered a final decision. See 5 C.F.R. § 1201.154(c).

B

Although the AJ correctly dismissed the appeal, Jones could have refiled an appeal with the Board at any time after 120 days had passed since the filing of the discrimination complaint until a final decision was rendered. See, e.g., Lightfoot v. Dep't. of Navy, 29 M.S.P.R. 265, 266 (1985); see 5 C.F.R. § 1201.154(b). The 120

days lapsed on April 30, 2004. The agency issued a final decision on the discrimination complaint on October 20, 2004. Jones could have also refiled an appeal to the Board within 30 days of her receipt of a final decision by the agency. See 5 C.F.R. § 1201.154(b)(1). Therefore, Jones could have refiled her appeal at any time between May 1, 2004 and approximately November 19, 2004 and the Board would have had jurisdiction. Instead, on March 4, 2004, Jones chose to petition for review of the initial decision of the AJ arguing that the Board originally had jurisdiction when she first appealed to the Board on December 30, 2003.

C

Jones argues that her appeal should have been remanded to the Board regional office after the expiration of 120 calendar days even though the Board had not issued a final order because her petition for review of the initial decision was pending. The Board rebuts Jones's argument by arguing that 5 C.F.R. § 1201.154(b)(2) is no longer applicable because the agency issued a final decision on October 20, 2004. Accordingly, the Board argues that 5 C.F.R. § 1201.154(b)(1) requires Jones to appeal within 30 days of her receipt of a final decision by the agency.

The Board interprets 5 C.F.R. § 1201.154(b) to mean that "the right to appeal does not vest until either the agency issues a final decision on the discrimination complaint or until 120 days elapse from the date the discrimination complaint was filed." Jones v. Dep't of Navy, No. AT-0752-04-0238-I-1 (M.S.P.B. February 12, 2004) ("Initial Decision") (citing Kozak v. Dep't of Health & Human Serv., 90 M.S.P.R. 398, 401 (2001)); see, e.g., Grunfelder v. United States Postal Serv., 56 M.S.P.R. 119, 122 (1992). The Board also recognizes that if the 120-day period has elapsed and the case

is pending before the Board on petition for review, "the appeal is . . . ripe for adjudication, and . . . remand [to the regional office for a hearing] is appropriate." E.g., Kozak, 90 M.S.P.R. at 401 (deciding the petition for review after the expiration of the 120-day period and before a final decision by an agency).

If the right to appeal vested after April 30, 2004 then it is arguable that the Board should have remanded the appeal to the regional office for a hearing on May 1, 2004 even though the Board had not issued the final order. The Board, however, argues, and we agree, that the appeal could not be remanded to the regional office because the final order, on January 27, 2005, was apparently issued more than 30 days after her receipt of the final decision by the agency, which was issued on October 20, 2004.

Ultimately, Jones's appeal is subject to the timing of the final order of the Board. If the final order had been issued anytime between May 1, 2004 and October 19, 2004 then the Board would have had jurisdiction. The final order, however, was issued on January 27, 2005, more than 30 days after the final decision by the agency.

IV

Substantial evidence in the record supports the findings of the Board as to the filing dates of the discrimination complaint, appeal to the Board, initial decision of the Board, and final order of the Board. Furthermore, Jones did not prove that the Board's actions were not in accordance with the law. Jones fails to show that the Board properly had jurisdiction over her appeal.

Because we agree with the Board that it lacked jurisdiction over Jones's appeal, we affirm the decision of the Board.