NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3152

KYAW SOE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Kyaw Soe, of Rosemead, California, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3152

KYAW SOE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF3443090014-I-1.

_____

DECIDED: August 11, 2009

_____

Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.

PER CURIAM.

DECISION

Kyaw Soe petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal alleging involuntary resignation, improper nonselection, and improper determination of negative suitability. Soe v. U.S. Postal Serv., No. SF-3443-09-0014-I-1 (M.S.P.B. Mar. 11, 2009) ("Final Decision"). We affirm.

DISCUSSION

I.

Mr. Soe originally was employed by the U.S. Postal Service ("Postal Service" or "agency") as a part-time flexible ("PTF") city carrier in Charlotte, North Carolina. He resigned on September 19, 2005, pending a removal action against him. Two and half years later, he applied for a Rural Carrier Associate position with the agency in Rosmead, California. On May 5, 2008, the Postal Service informed Mr. Soe that he was disqualified from employment because of his "sporadic work history and a recent termination from PTF Carrier." On June 24, 2008, the agency informed Mr. Soe that it would not reconsider its determination; it also informed him he was "currently disqualified from all clerk and carrier positions for the U.S. Postal Service."

On September 26, 2008, Mr. Soe filed an appeal with the Board. In the appeal, Mr. Soe stated that he was appealing his "termination during probationary or initial service period." However, he listed June 24, 2008 as the effective date of the agency action. The Administrative Judge ("AJ") assigned to the case sent an acknowledgement order to Mr. Soe, indicating the Board might not have jurisdiction over the appeal and directing Mr. Soe to file evidence establishing jurisdiction. In response, Mr. Soe submitted documentation showing that he resigned pending removal, and he presented a statement indicating the reasons why he believed his proposed removal was improper.

On November 13, 2008, the AJ dismissed Mr. Soe's appeal for lack of jurisdiction. Soe v. U.S. Postal Serv., No. SF-3443-09-0014-I-1, slip op. at 1 (M.S.P.B. Nov. 13, 2008) ("Initial Decision"). The AJ found that if Mr. Soe was challenging his

decision to resign as an involuntary resignation, he did not have appeal rights because the jurisdiction of the Board to hear actions against Postal Service employees is limited by statute.[1] Citing 39 U.S.C. § 1005(a) and 5 U.S.C. § 2108, the AJ stated that for a Postal Service employee to be an "employee" with appeal rights to the Board, he or she must "(1) be a preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely non-confidential, clerical capacity, and (2) have completed one year of current, continuous service in the same or a similar position." Initial Decision, slip op. at 2. The AJ noted that Mr. Soe had specifically stated that he was not entitled to a veteran's preference under 5 U.S.C. § 2108, and that he was not covered by any of the other requisite categories. Thus, for purposes of Board jurisdiction, Mr. Soe was not an "employee" with appeal rights to the Board. If, on the other hand, Mr. Soe was challenging the Postal Service's decision not to hire him, the AJ found the Board lacked jurisdiction because it "does not have general jurisdiction over a decision not to select an applicant for a position." Id. Finally, the AJ found that if Mr. Soe was appealing the Postal Service's unsuitability decision, the Board did not have jurisdiction because Mr. Soe was not in the competitive service or the Senior Executive Service. Id. The Initial Decision became the final decision of the Board on March 11, 2009, after the Board denied Mr. Soe's petition for review. See Final Decision. This appeal followed.

II.

We have jurisdiction over Mr. Soe's appeal pursuant to 28 U.S.C. § 1295(a)(9). As stated in 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it

---

[1] Because the AJ dismissed the appeal on this ground, he did not address the agency's contention that the appeal was untimely filed.

to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).  Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo.

## III.

## A.

On appeal, Mr. Soe asserts that his proposed termination was "not fair."  He also asserts that his case is based on "coercion," and he states that he wants to be "reinstate[d]" in a Postal Service position and that he wants his job "replaced."  It is somewhat unclear what action he is appealing, as the proposed termination also was a factor in the Postal Service's denial of employment in 2008.  However, as Mr. Soe checked the "termination" box on his Board appeal form, the Board interpreted one basis for the appeal as a challenge to the Postal Service's actions in 2005.  For purposes of this appeal, we will follow the Board's interpretation of Mr. Soe's claims.

"As a general matter, the Board does not have jurisdiction over adverse actions taken against employees of the postal service."  Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998); see also 5 U.S.C. § 7511(b)(8).  However, in certain circumstances, Congress has extended Title 5 to cover Postal Service employees.  As stated in 39 U.S.C. § 1005(a)(4)(A), Subchapter II of chapter 75 of Title 5, and thus the Board's jurisdiction, extends

> **(i)** to any preference eligible in the Postal Service who is an employee within the meaning of section 7511(a)(1)(B) of such title; and
>
> **(ii)** to any other individual who—

**(I)** is in the position of a supervisor or a management employee in the Postal Service, or is an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity; and

**(II)** has completed 1 year of current continuous service in the same or similar positions.

Section 7511(a)(1)(B) further provides that a preference-eligible individual must have completed one year of service to be considered an employee for purposes of Board jurisdiction.

Mr. Soe specifically stated on his appeal form that he was not entitled to a veteran's preference. Further, it is uncontested that, as a PTF carrier, Mr. Soe was not "a supervisor or a management employee," or "an employee . . . engaged in personnel work." Thus, the Board properly found it did not have jurisdiction over Mr. Soe's claim of involuntary resignation.

B.

We turn next to Mr. Soe's contention that the Postal Service improperly refused to hire him as a Rural Carrier Associate and deemed him unsuitable for the position. Mr. Soe states that his "application [was] clear," that the agency "did not hire" him, and that he "wish[es] to [be] consider[ed]" for the Rural Carrier Associate position. We view these statements, as the Board did, as a challenge to his nonselection by the agency.

"As this court has previously noted, '[a]n agency's failure to select an applicant for a vacant position is generally not appealable to the Board.'" Monasteri v. Merit Sys. Prot. Bd., 232 F.3d 1376, 1379–80 (Fed. Cir. 2000) (alteration in original) (quoting Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998)); see also Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993) ("[N]o law, rule, or regulation

authorizes a direct appeal to the Board respecting a nonselection for promotion . . . ."); Diamond v. U.S. Postal Serv., 51 M.S.P.R. 448, 450 (1991) ("[The] Board's jurisdiction is limited to that conferred by law, rule, or regulation, and there is no law, rule, or regulation that confers jurisdiction to review nonselection for a position."). While the Board may have jurisdiction over an agency's refusal to appoint or promote in some circumstances (for example, if the agency was retaliating against the individual because he or she made a protected disclosure under the Whistleblower Protection Act or if the agency violated a veteran's preference in its nonselection), Mr. Soe has not alleged such circumstances.

In some cases, the Board does have jurisdiction over agency findings of unsuitability. See 5 C.F.R. § 731.501. Those circumstances are limited to cases where the employee is in the competitive service or Senior Executive Service, however. See 5 C.F.R. § 731.101(b) ("Covered position means a position in the competitive service, a position in the excepted service where the incumbent can be noncompetitively converted to the competitive service, and a career appointment to a position in the Senior Executive Service."). As we have previously stated, the "Postal Service is an excepted service." Palumbo v. Merit Sys. Prot. Bd., 168 F.3d 1316 (Fed. Cir. 1998) (Table); see also Daisy v. U.S. Postal Serv., 68 M.S.P.R. 15, 19 (1995) ("Postal Service employees have not been part of the competitive service since the enactment of the Postal Reorganization Act of 1970."). Further, Mr. Soe clearly did not have a career appointment to the Senior Executive Service. Overall, then, the Board correctly found it did not have jurisdiction to hear Mr. Soe's claims based on nonselection or a determination of negative suitability.

For the foregoing reasons, the final decision of the Board is affirmed.