NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MICHAEL R. JONES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2015-3043

_____

Petition for review of the Merit Systems Protection Board in No. SF-3443-13-4830-I-1.

_____

Decided: July 13, 2015

_____

MICHAEL R. JONES, Corona, CA, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

_____

Before MOORE, SCHALL, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

DECISION

Michael R. Jones petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. *Jones v. Dep't of Agriculture*, No. SF-3443-13-4830-I-1 (M.S.P.B. Sept. 29, 2014) ("*Final Decision*"). We *affirm*.

DISCUSSION

I.

In August 2013, Mr. Jones retired from his position as an Information Assistant with the Department of Agriculture ("agency"). Mr. Jones previously had held the position of Firefighter/Forestry Technician. He sustained a workplace injury in July 1993, however. Eventually that injury led to his reassignment to the Information Assistant position in 2004.

In September 2013, Mr. Jones filed an appeal with the Board in which he challenged the agency's processing of his retirement application. Among other things, he objected to the agency's summary of his service and his work experience for the part of the application relating to firefighter/law enforcement retirement benefits. According to Mr. Jones, the summary was inaccurate because the position descriptions to which it referred did not match the Fire Engine Operator position he had held. Mr. Jones also claimed that, in connection with his retirement application, the agency ignored the cancellation of his removal from the service in 1997, that it used the wrong dates for the period when he received Office of Workers Compensation benefits, and that it ignored his approval for disability retirement in 1997. He also alleged that the agency ignored the fact that the position he held at the time of his injury in 1993 was noncompetitively upgraded to a GS-7 level. Finally, he asserted that the agency failed to include in his application package his

submission of more than 284 pages of corrections and correspondence that he believed were relevant to the application. In short, Mr. Jones claimed that he could be prejudiced by the agency's mishandling of his retirement application.

On February 19, 2014, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision dismissing the appeal for lack of jurisdiction. *Jones v. Dep't of Agriculture*, No. SF-3443-13-4830-I-1 (M.S.P.B. Feb. 19, 2014) ("*Initial Decision*"). With respect to Mr. Jones's claims concerning retirement benefits, the AJ found that Mr. Jones had failed to establish that the Office of Personnel Management ("OPM") had issued a final decision on his claims so as to give him the right to appeal to the Board pursuant to 5 C.F.R. § 831.110. *Id.* at 5. The AJ also found that, to the extent Mr. Jones was attempting to appeal an alleged denial of his request for law enforcement benefits pursuant to 5 C.F.R. §§ 831.906 and 831.910, he had failed to show that either the agency or OPM had issued a final decision on his request. *Id.* at 6. The AJ also determined that none of the other various complaints raised by Mr. Jones provided grounds for Board jurisdiction.

Mr. Jones petitioned for review of the *Initial Decision*. In its *Final Decision*, the Board denied the petition and affirmed the *Initial Decision*. The Board first explained that it has jurisdiction to adjudicate an individual's rights and interests under the Civil Service Retirement System (CSRS) only after OPM has rendered a final or reconsideration decision on the issue in question. *Final Decision* at 3. Noting that Mr. Jones was asserting a violation of his rights regarding the processing of his CSRS retirement application through an appeal brought against his employing agency, the Board pointed out that such an appeal must be filed against "OPM and not the employing agency." *Id.* at 3–4. "The appellant," the Board stated, "must pursue the matter with OPM and obtain a final

OPM decision before filing an appeal to the Board." *Id.* at 4.

Continuing, the Board stated that, "[u]nder 5 C.F.R. § 831.910, the final decision of an agency head issued under CSRS on a request for law enforcement/firefighter treatment may be appealed to the Board." *Id.* The Board pointed out, however, that Mr. Jones had submitted the agency's August 2013 letter to OPM certifying that he qualified for law enforcement/firefighter benefits. *Id.* The Board also pointed out that there was no evidence that either the agency or OPM had issued a final decision as to this type of claim. *Id.* The Board concluded that it therefore lacked jurisdiction over such a claim, stating:

> The appellant has not submitted evidence or argument that would support the exercise of jurisdiction over his claims concerning the processing of his retirement application on any other basis. Accordingly, we find that the administrative judge correctly determined that the Board does not have jurisdiction over the appellant's claims concerning the processing of his retirement application.

*Id.* The Board thus denied Mr. Jones's petition for review and affirmed the *Initial Decision*, thereby making the *Initial Decision* the final decision of the Board. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't*

*of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

III.

The Board's jurisdiction is limited to actions made subject to its review by specific law, rule, or regulation. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed. Cir. 2000). The Board's authority to review claims under the CSRS, 5 U.S.C., Chapter 83, Subchapter III, is granted by 5 U.S.C. § 8347(d)(1), which provides in pertinent part as follows:

> [A]n administrative action or order affecting the rights of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

Under 5 U.S.C. § 8347(a), the administration of Subchapter III is assigned to OPM. By regulation, a reconsideration or final decision by OPM concerning an individual's rights under the subchapter may be appealed by the affected individual to the Board. 5 C.F.R. §§ 831.109, 831.110. *See Miller v. Office of Pers. Mgmt.*, 449 F.3d 1374, 1382 (Fed. Cir. 2006) (the CSRS requires that a claim under the retirement statutes be first adjudicated in a decision by OPM, which may then be appealed to the Board). At the same time, pursuant to 5 C.F.R. § 831.910, an employee may appeal to the Board from a final decision of an agency head or OPM concerning a request by the employee for a determination of the eligibility of the employee's service for law enforcement officer/firefighter treatment for purposes of retirement benefits.

On appeal, Mr. Jones does not dispute that OPM has not issued a final decision on his claims concerning the agency's record of his service for purposes of his retirement application. Rather, he is concerned that the agency's handling of his retirement application might

prejudice any eventual final decision.  Thus, the Board did not err in finding that it lacked jurisdiction over Mr. Jones's claims of inaccuracies in his retirement record. Nor does Mr. Jones challenge the decision of the Board that there is no evidence that either the agency or OPM has issued a final decision on a claim by him relating to entitlement to a law enforcement/firefighter annuity. Accordingly, the Board also did not err in holding that it lacked jurisdiction over any such claim.  Mr. Jones makes several other arguments on appeal.  We have considered them all and find them to be without merit.

### IV.

For the foregoing reasons, the *Final Decision* of the Board is affirmed.

**AFFIRMED**

No Costs.