Michael J. WOLF, Petitioner,

v.

**DEPARTMENT OF VETERANS
AFFAIRS, Respondent.**

No. 01–3046.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 28, 2003.

Michael J. Wolf, of Newport Beach, CA, appearing pro se.

Wanda Rubianes–Collazo, Trial Attorney, Civil Division, Commercial Litigation Branch, Department of Justice, of Washington, DC, for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director.

Before NEWMAN, DYK, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST. Dissenting opinion filed by Circuit Judge PAULINE NEWMAN.

PROST, Circuit Judge.

Michael J. Wolf, M.D., petitions for review of the final decision of the Merit Systems Protections Board ("Board"), Docket No. SF0351990647–I–1, 87 M.S.P.R. 33, dismissing his appeal from a reduction in force ("RIF") action by the Department of Veterans Affairs ("the agency") for lack of jurisdiction. Because Dr. Wolf does not satisfy the conditions of 5 C.F.R. § 351.901, which limits RIF appeals to employees who are furloughed for more than thirty days, separated, or demoted by the RIF action, we affirm.

## BACKGROUND

Dr. Wolf is a staff psychiatrist holding a part-time position at the Veterans Administration Medical Center in Long Beach, California. He originally held a part-time sixty hours per pay period position at a

stated hourly rate of pay. By letter dated June 10, 1997, entitled "Separation Notice," hand delivered on June 12, 1997, the agency notified Dr. Wolf that he would be separated as of July 13, 1997, due to a realignment of resources. The notice added, however, "[t]his separation may be canceled if an assignment becomes available prior to the effective date."[1] Indeed, another assignment did become available. Later in the day of June 12, 1997, Dr. Wolf was handed a letter dated June 11, 1997, whereby he was offered a part-time staff physician position for fifty hours per pay period at the same hourly rate of pay as his original position, effective July 14, 1997. On June 24, 1997, Dr. Wolf accepted the position and continued to work without interruption. He also filed a formal grievance alleging breach of contract.

At a hearing on the grievance on July 29, 1997, the grievance examiner found that Dr. Wolf's employment contract had been breached and recommended reinstatement to the sixty-hour work schedule. The agency refused to comply. Dr. Wolf appealed to the Board arguing that the agency action constituted a RIF and was taken without the procedural safeguards required for such actions. The Board's Administrative Judge agreed with Dr. Wolf and found that the agency had conducted a RIF, that the agency had a valid reason for conducting the RIF, but that the agency did not follow the requisite RIF procedures when it reduced Dr. Wolf's hours of employment. *See* 5 U.S.C. §§ 3501–3504 (2000); 5 C.F.R. pt. 351 (2002). The Administrative Judge further ordered the agency to reinstate Dr. Wolf to his former sixty hours per pay period position.

On the agency's petition for review to the full Board, the Board confirmed that the RIF regulations apply to Veterans Health Administrative health care professionals who are appointed under Title 38 and who are separated by a staff adjustment. *See James v. Von Zemenszky*, 284 F.3d 1310, 1314–15 (Fed.Cir.2002). The Board further found that the agency's resource realignment was a staff adjustment. However, the Board held that Dr. Wolf's reduction in hours did not meet the conditions of 5 C.F.R. § 351.901, which limits RIF appeals to employees who are "furloughed for more than 30 days, separated, or demoted by the reduction in force action." The Board therefore vacated the Administrative Judge's initial decision and dismissed the appeal for lack of jurisdiction.[2] Dr. Wolf petitioned this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

■ Whether the Board has jurisdiction to adjudicate a case is a question of law, which we review without deference. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000).

An agency is required to use RIF procedures when it releases a competing employee from his or her competitive level by either furlough of more than thirty days, separation, demotion, or reassignment requiring displacement when the release is required due to reorganization. *Dixon v. United States Postal Serv.*, 64 M.S.P.R. 445, 450 (1994); 5 C.F.R. § 351.201(a)(2) (2002). Furthermore, under the RIF regulations, an employee may appeal to the

---

1. Veterans Health Administration procedures on assignments reassignments, staff adjustments, and furloughs for employees appointed under Title 38 require such notice.

2. The Board initially denied the agency's petition for review, which challenged the Board's jurisdiction on other grounds, but the Board reopened the appeal on its own motion to address its jurisdiction under 5 C.F.R. § 351.901.

Board only if he has been furloughed for more than thirty days, separated, or demoted by a RIF action. *Carita v. United States Postal Serv.*, 67 M.S.P.R. 277, 279 (1995) (stating that an employee reassigned during a RIF can only appeal to the Board if the reassignment was a RIF demotion); *Aliota v. Dep't of Veterans Affairs*, 60 M.S.P.R. 491, 495 (1994) ("As a general rule, the Board does not have appellate jurisdiction over reassignments that do not constitute a reduction in grade or pay, even though the reassignment reduces the employee's status, duties, or responsibilities."); 5 C.F.R. § 351.901.

Dr. Wolf maintains that the agency separated him from his original sixty hours per pay period position effective July 13, 1997, and that the separation was never cancelled or rescinded. He asserts that he subsequently accepted a new offer of employment for a part-time position of no more than fifty hours per pay period. Therefore, on appeal, he argues that he was in fact separated notwithstanding his retention in a fifty hours per pay period position, RIF procedures should have been followed, and the Board therefore had jurisdiction over his appeal.[3] The government counters that the Board's dismissal for lack of jurisdiction was proper because a reduction in part-time hours is not an appealable RIF action.

■ We agree with the Board that it lacked jurisdiction over Dr. Wolf's appeal because his reduction in work hours does not constitute a furlough of more than thirty days, a separation, or a demotion under 5 C.F.R. § 351.901. It is undisputed that the agency did not furlough Dr. Wolf. In support of his allegation that the agency separated him from his original position, Dr. Wolf relies solely upon the June 10 Separation Notice. However, while the notice advised him that he would be sepa-

rated from his position effective July 13, 1997, the notice also informed him that the separation might be cancelled if another position became available prior to the effective date. That is exactly what happened almost immediately in this case. As the Board found, subsequent to the Separation Notice the agency offered and Dr. Wolf accepted the same part-time staff physician position as his original position with a reduced number of work hours per pay period. Hence, without a break in service, the agency effected his reduction in hours on July 14, 1997. The record confirms that the only SF 50 Notification of Personnel Action taken was a reduction in hours of Dr. Wolf's position. Thus, it is quite clear that the separation proposed in the Separation Notice was not effectuated.

Dr. Wolf also was not demoted under the RIF regulations. He argues that his new position is not the "same" as his previous position because it consists of fewer hours per pay period, includes lower total pay per period, and was not set forth in a written contract or promise. However, a RIF demotion does not occur unless, among other things, the employee is reassigned to a position carrying a lower grade or rate of pay. *Brown v. United States Postal Serv.*, 58 M.S.P.R. 345, 349–51 (1993) (holding that the rate of pay of the position to which the employee was assigned, rather than any retained grade or pay the agency has provided him, determines whether the employee has been demoted); 5 C.F.R. § 210.102(b)(4) (2002). Although Dr. Wolf's hours were reduced, a reduction in hours is not a demotion under the RIF regulations because the position to which Dr. Wolf was assigned on July 14, 1997, has the same grade and rate of pay as his original position. *Id.* Therefore, even assuming the agency released Dr.

---

**3.** The majority of Dr. Wolf's informal and reply briefs are devoted to his allegation that the agency breached the contract upon which his original position was based.

Wolf from his competitive level, the Board did not have jurisdiction over Dr. Wolf's appeal because the agency action of reducing his hours did not constitute a furlough of more than thirty days, a separation, or a demotion. 5 C.F.R. § 351.901 (2002).

## CONCLUSION

For the foregoing reasons, we affirm the Board's decision vacating the Administrative Judge's initial decision and dismissing the appeal for lack of jurisdiction. Because we affirm the Board's decision, we decline to address the government's alternative argument, raised on appeal as a new issue, that the Board lacked jurisdiction over Dr. Wolf's appeal because Dr. Wolf was a part-time employee appointed pursuant to 38 U.S.C. § 7405.

*AFFIRMED.*

PAULINE NEWMAN, Circuit Judge, dissenting.

The majority opinion holds that Dr. Wolf was subject to a reduction in force (RIF) action, but that he cannot appeal from the RIF because he was not furloughed for more than thirty days, separated, or demoted. However, none of the requisite RIF procedures was taken; Dr. Wolf was simply separated from employment, by formal notice of separation, including grievance rights and severance pay. Dr. Wolf was then offered a similar position, at reduced hours, by letter dated one day after the date of the separation letter. Although both letters were written before either was delivered, the separation was not withdrawn, but was implemented; the ensuing offer made no mention of the terminated position. My colleagues hold that this sequence of separation and rehire avoids the employment contract, avoids RIF procedures and safeguards, and avoids appeal rights. I respectfully dissent.

## A

Dr. Wolf's employment contract was for a six-year appointment, for sixty hours per pay period at a stated hourly rate. By letter dated June 10, 1997 entitled "Separation Notice," hand delivered on June 12, 1997, he was notified that he would be separated as of July 13, 1997, his severance pay was calculated, and he was informed that he could file a grievance. The Separation Notice stated: "Unfortunately, there is no other available assignment for you at this Medical Center at this time." Later in the day of June 12, 1997 Dr. Wolf was hand delivered a letter dated June 11, 1997, in which he was offered a position for fifty hours per pay period to begin July 14, 1997. He accepted this offer.

Dr. Wolf filed a formal grievance, and after a hearing the grievance examiner found that the employment contract had been breached and recommended reinstatement to the sixty-hour work schedule. The agency refused to comply. Dr. Wolf appealed to the MSPB. The administrative judge found that the agency had conducted a reduction-in-force, that the agency had a valid reason for conducting a RIF, and that the agency did not follow the requisite RIF procedures. *See* 5 U.S.C. §§ 3501–3504; 5 C.F.R. Part 351 (agencies must follow the Office of Personnel Management regulations when conducting reductions in force). The administrative judge held that the "agency's failure to apply the RIF regulations to the restructuring that led to the elimination of the appellant's position was an impermissible circumvention of the RIF regulations and a violation of the appellant's substantive and procedural rights." The administrative judge concluded that the action taken was improper, and ordered the agency to reinstate Dr. Wolf to the sixty-hour position.

On the agency's appeal, the full Board held that although the agency had conduct-

ed a RIF, there was no appealable action. Thus the Board did not review whether RIF procedures had been correctly applied. The Board recognized that the procedural safeguards of reductions in force are applicable to physicians employed by the Department of Veterans Affairs, *see James v. Von Zemenszky*, 284 F.3d 1310 (Fed.Cir.2002), but held that Dr. Wolf did not meet the conditions of 5 C.F.R. § 351.901, which limits RIF appeals to employees who are "furloughed for more than 30 days, separated, or demoted by the reduction in force action." The Board held that the employment action with respect to Dr. Wolf was neither a separation nor a demotion, but an unappealable reduction in hours of work at the same hourly rate of pay.

**B**

The agency's procedure was to separate Dr. Wolf, and then to hire him on different terms. The separation was never withdrawn, despite the majority's contrary conclusion. The procedure whereby the offer of rehire was dated before the delivery of the separation notice, yet the notice of separation was issued and implemented, highlights the irregularity of this action.

If the action is nonetheless viewed simply as a reduction in force, the government nowhere asserts that RIF procedures were followed. RIF procedures apply to full time and part time positions:

> 5 C.F.R. § 351.403. Separate [competitive] levels shall be established for positions filled on a full time, part-time, intermittent, seasonal, or on-call basis. No distinction may be made among employees in the competitive level on the basis of the number of hours or weeks scheduled to be worked.

Dr. Wolf was entitled to the protection of RIF procedures, as the administrative judge had correctly ruled.

The government now argues that Dr. Wolf was a part-time employee appointed pursuant to 38 U.S.C. § 7405, and that such employees are appointed "without regard to civil service or classification laws, rules, or regulations," 38 U.S.C. § 7405(a), and that they may be terminated at will, despite his six-year employment contract. This, the government contends, distinguishes Dr. Wolf's case from VA physicians such as Dr. Von Zemenszky, cited *supra*, who was a full time employee. Thus the government argues that Dr. Wolf therefore has no entitlement to RIF safeguards, contravening the panel majority's view. Precedent, although sparse, is contrary to the government's position. *See Balderman v. Veterans Administration*, 1984 WL 6584 (W.D.N.Y. June 29, 1984) and 666 F.Supp. 461, 466 (W.D.N.Y.1987) (sustaining a physician's dismissal upon finding compliance with RIF procedures).

In summary, Dr. Wolf is entitled to appeal his separation or demotion, and has been improperly denied this right. From the court's contrary ruling, I respectfully dissent.