NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3176, -3177

DOM WADHWA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

<u>Dom Wadhwa</u>, of Moorestown, New Jersey, pro se.

<u>Jeffrey A. Gauger</u>, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were <u>B. Chad Bungard</u>, General Counsel, and <u>Calvin M. Morrow</u>, Acting Assistant General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3176, -3177

DOM WADHWA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752070313-I-1 and PH3443070638-I-1.

_____

DECIDED: October 7, 2008

_____

Before RADER, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

DECISION

Dom Wadhwa ("Dr. Wadhwa") petitions for review of two final decisions of the Merit Systems Protection Board ("Board"). Each of the decisions dismissed for lack of jurisdiction an appeal by Dr. Wadhwa to the Board. Wadhwa v. Dep't of Veterans Affairs, No. PH-0752-07-0313-I-1 (M.S.P.B. Jan. 29, 2008) ("Final Decision I"); Wadhwa v. Dep't of Veterans Affairs, No. PH-3443-07-0638-I-1 (M.S.P.B. Jan. 29, 2008) ("Final

Decision II"). The two petitions have been consolidated into a single appeal. We affirm.

DISCUSSION

I.

Dr. Wadhwa is employed as a physician with the Department of Veterans Affairs ("DVA"). This case arises out of his transfer on October 15, 2006, from his physician position at the Philadelphia VA Medical Center ("PVAMC") to a physician position at the Northern Indiana Healthcare System ("NIHCS"). Dr. Wadhwa was reassigned back to PVAMC on January 21, 2007.

Following his reassignment from NIHCS, Dr. Wadwha filed two appeals with the Board. In his first appeal, he claimed that his reassignment resulted in a reduction in his pay or grade. In his second appeal, he claimed that his reassignment constituted a removal. On July 24, 2007, the administrative judge ("AJ") assigned to the appeals issued an initial decision dismissing the reduction-in-pay claim for lack of jurisdiction. Wadhwa v. Dep't of Veterans Affairs, No. PH-0752-07-0313-I-1 (July 24, 2007) ("Initial Decision I"). Subsequently, on October 31, 2007, the AJ issued an initial decision dismissing the removal claim, also for lack of jurisdiction. Wadhwa v. Dep't of Veterans Affairs, No. PH-3443-07-0638-I-1 (Oct. 31, 2007) ("Initial Decision II").

Initial Decision I and Initial Decision II became final decisions of the Board on January 29, 2008, when the Board denied Dr. Wadhwa's petitions for review in Final Decision I and Final Decision II, respectively, for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d) (2008).

2008-3176, -3177                    2

II.

We have jurisdiction over Dr. Wadhwa's appeal pursuant to 28 U.S.C. § 1295(a)(9) (2006). Pursuant to 5 U.S.C. § 7703(c) (2006), we must affirm a decision of the Board unless we find it to be "(1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." See also Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361. (Fed. Cir. 1998).

Dr. Wadha was appointed to his position as a DVA physician under 38 U.S.C. § 7401(1) (2006). For that reason, he is generally not an employee for purposes of filing an appeal to the Board. See 5 U.S.C. § 7511(b)(10) (2006); Bonner v. Dep't of Veterans Affairs Pittsburgh Healthcare Sys., 477 F.3d 1343, 1348 (Fed. Cir. 2007) ("[E]mployees hired under 38 U.S.C. § 7401(1) . . . have never had the right to appeal § 7512-type adverse actions to the MSPB . . . ."). However, employees such as Dr. Wadhwa may appeal to the Board under limited circumstances. In James v. Von Zemenszky, 284 F.3d 1310, 1314-15 (Fed. Cir. 2002), this court held that reduction-in-force ("RIF") regulations apply to DVA health care professionals who are separated by a staff adjustment. In addition, we stated that "[DVA] health-care professionals enjoy the protections of title 5 RIF procedures along with the right to appeal a RIF separation to the Board." Id. at 1321. RIF appeals to the Board, though, are limited by 5 C.F.R. § 351.901 to appeals by "employees who are furloughed for more than 30 days, separated, or demoted by the RIF action." Wolf v. Dep't of Veterans Affairs, 317 F.3d 1395, 1396 (Fed. Cir. 2003). On appeal, Dr. Wadhwa contends that the Board had

jurisdiction over his appeals because he was demoted by a RIF action and because, through his reassignment, he suffered loss of pay or grade.

An employee's official position under RIF regulations is defined by grade as documented on the employee's most recent Notification of Personnel Action (Standard Form 50 or "SF-50"). In this case, the SF-50 submitted by both parties fails to reflect a loss of pay or grade. The SF-50 indicates that Dr. Wadhwa was transferred from one full-time physician position to another full-time physician position with the same grade. The SF-50 also indicates that Dr. Wadhwa's basic rate of pay at his NIHCS position and at the PVAMC position to which he was reassigned were the same.

Dr. Wadhwa argues, however, that he suffered a loss of grade because the DVA "separated" him from his clinical physician duties and reassigned him to non-clinical physician duties. The contention is without merit. Alteration of duties does not constitute a separation or loss of grade under RIF regulations. See Aliota v. Dep't of Veterans Affairs, 60 M.S.P.R. 491, 495 (1994) ("As a general rule, the Board does not have appellate jurisdiction over reassignments that do not constitute a reduction in grade or pay, even though reassignment reduces the employee's status, duties, or responsibilities."). Also without merit is Dr. Wadhwa's contention that he suffered a loss of pay in the form of a $5,000 performance award and $2,257 in locality pay. Loss of pay is calculated on the basis of an employee's rate of basic pay, excluding additional pay of any kind such as locality payments or special rate supplements. See 5 C.F.R. § 531.203 (2008).

Because Dr. Wadhwa did not suffer a loss of either grade or pay, he was not demoted under RIF regulations. Accordingly, the Board did err in dismissing his

appeals for lack of jurisdiction.  <u>See</u> <u>Talley v. Dep't of the Army</u>, 50 M.S.P.R. 261, 263 (1991).

For the foregoing reasons, the two final decisions of the Board which are on appeal in this case are affirmed.