# In the United States Court of Federal Claims

No. 13-258C

(Filed: August 29, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALICIA CONNOLLY-LOHR, ) | Civilian pay claim; application of the regulations of the Office of Personnel Management that govern the rates of pay for General Schedule employees; 5 C.F.R. § 531.211(b) |
| Plaintiff, ) | |
| v. ) | |
| UNITED STATES, ) | |
| Defendant. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Steven H. Jesser, Attorney at Law, P.C., Skokie, IL, for plaintiff.

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Stuart F. Delery, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Erin Buck Kaiser, Office of Regional Counsel, United States Department of Veteran Affairs, Milwaukee, WI.

**OPINION AND ORDER**

LETTOW, Judge.

Alicia Connolly-Lohr, a former employee of the Department of Veterans Affairs ("VA"), seeks to recover unpaid wages from the United States ("the government") for the period beginning January 31, 2011 and ending February 20, 2012. Compl. at 1. Ms. Connolly-Lohr alleges that for those thirteen months she was entitled to compensation at the GS-9, Step 10 level but was paid at the GS-9, Step 1 rate. The government has moved to dismiss Ms. Connolly-Lohr's complaint pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). That motion has been fully briefed and was argued by the parties at a hearing held on August 21, 2013.[1]

---

[1]The government also requested dismissal pursuant to RCFC 12(b)(1). This aspect of the government's motion has been abandoned. Counsel for the government acknowledged during the hearing on its motion that the regulation on which plaintiff relies, 5 C.F.R. § 531.211,

1

## BACKGROUND

Ms. Connolly-Lohr worked as a civilian federal employee during three separate periods of time. First, she was a litigation attorney in the Navy's Office of General Counsel for three years. Compl. ¶ 17. She left the Navy in September 1997, having attained a pay grade of GS-14. *Id.* ¶¶ 17-18; Compl. Ex. A. Her next federal position was with the Naval Judge Advocate General's Office as a civilian tort claims attorney from September 2002 until July 2005. *Id.* ¶ 19. At the time she concluded this appointment, she was being compensated at the GS-13, Step 7 level. *Id.* ¶ 22; Compl. Ex. B.

Ms. Connolly-Lohr's final period of federal employment began in January 2011, when she accepted a job at the VA as a veterans service representative, compensated at a GS-9 pay grade. Compl. ¶¶ 25, 27. Ms. Connolly-Lohr acknowledges that "[t]he VA did not hire her based upon superior qualifications for the job, or due to the agency's special needs." *Id.* ¶ 28. From January 2011 until she retired from federal service in February 2012, Ms. Connolly-Lohr served at the GS-9, Step 1 level, with a payable rate of $49,086 per year. *Id.*

## STANDARD FOR DECISION

A complaint will survive a motion to dismiss for failure to state a claim if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such a motion, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). If the plaintiff has not alleged a set of facts constituting a claim to relief, the complaint will be dismissed for failure to state a claim upon which relief can be granted. *See* RCFC 12(b)(6).

## ANALYSIS

This case turns on application of the regulations of the Office of Personnel Management ("OPM") that govern the rates of pay for General Schedule employees, found at 5 C.F.R. Part 531, §§ 531.201-531.611. Ms. Connolly-Lohr contends that under 5 C.F.R. § 531.211(b), she

---

requires an agency to set an employee's pay at the minimum rate of the highest applicable rate range for the employee's position of record. *See* 5 C.F.R. § 531.211(b) (quoted *infra*). Because the regulation mandates the payment of money to reemployed workers like Ms. Connolly-Lohr, the court has subject matter jurisdiction over her claims. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any regulation of an executive department."); *see also United States v. Bormes*, __ U.S. __, __, 133 S. Ct. 12, 18-20 (2012) (addressing a money-mandating statutory source of law); *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011); *Jan's Helicopter Svc., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008).

was entitled to compensation at the GS-9 grade, Step 10 level, the GS-9 step closest to the rate of pay she received in her previous GS-13–grade position at the Navy. Subsection 531.211(b) provides in pertinent part:

> Reemployment. For an employee who has previous civilian service in the Federal Government, an agency must set the payable rate of basic pay upon reemployment *at the minimum rate of the highest applicable rate range for the employee's position of record* unless — [one of two provisos apply, each of which calls for a higher rate of pay].

5 C.F.R. § 531.211(b) (emphasis added). Ms. Connolly-Lohr asserts that the government was incorrect in using her new position at the VA as her "position of record" to calculate her minimum rate of pay under Subsection 531.211(b) rather than her previous position at the Navy. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3. Ms. Connolly-Lohr does not contend that her previous position at the Navy was her current position in January 2011, nor that she met either of the exceptions found in 5 C.F.R. § 531.211(b).[2] Instead, she contends that when a former federal employee is re-hired, Subsection 531.211(b) requires the government to use that employee's previous position as her "position of record." *See* Pl.'s Resp. at 3.

"Position of record" is a defined term in OPM's regulations. *See* 5 C.F.R. § 531.203. According to Section 531.203, "position of record" refers to the employee's current—not former—position as it is listed on the employee's most recent appointment form, Standard Form 50. *See* 5 C.F.R. § 531.203 ("Position of record means an employee's official position . . . as documented on the employee's most recent Notification of Personnel Action (Standard Form 50 or equivalent) and current position description."). By specifying that an employee's "current" position on her "most recent" Standard Form 50 controls, the regulation explicitly provides that an employee's position of record is the one that the employee has most recently accepted, not a position she left possibly years earlier. *Cf. Wadhwa v. Merit Sys. Protection Bd.*, 296 Fed. Appx. 17, 19 (Fed. Cir. 2008) ("An employee's official position under RIF [reduction-in-force] regulations [, found in 5 C.F.R. Part 351,] is defined by grade as documented on the employee's most recent Notification of Personnel Action (Standard Form 50 or 'SF 50').").

On January 31, 2011, the first day of the period at issue and the date her appointment affidavit was executed, the position listed on Ms. Connolly-Lohr's Standard Form 50 was that of "Veterans Service Rep[resentative]." *See* Compl. Ex. C.[3] Accordingly, the government was required to set her pay at the minimum rate of the highest applicable rate range for veterans service representative. *See* 5 C.F.R. § 531.211(b). Veterans service representative is a GS-9

---

[2]The first exception authorizes an agency to set the payable rate at a higher level for employees who have superior qualifications or who satisfy special needs. *See* 5 U.S.C. § 531.211(b)(1) (referring to 5 U.S.C. § 531.212, which is entitled "Superior qualifications and special needs pay-setting authority."). The second exception pertains to an "employee [who] is eligible for a higher payable rate under the maximum payable rate rule in § 531.221 and [for whom] the agency chooses to apply that rule." 5 U.S.C. § 531.211(b)(2).

[3]Ms. Connolly-Lohr's Standard Form 50 was completed one day earlier, on January 30, 2011.

position.  Ms. Connolly-Lohr was therefore entitled to be paid at Step 1 of GS-9, the rate at which she was indeed compensated.  *Id.*

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss pursuant to RCFC 12(b)(6) is GRANTED.  The Clerk's Office is directed to enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.


s/ Charles F. Lettow
Charles F. Lettow
Judge

4