**Milo D. BURROUGHS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3137.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 14, 2003.

Before CLEVENGER, RADER, and PROST, Circuit Judges.

PER CURIAM.

Milo D. Burroughs ("Mr. Burroughs") petitions for review of a final decision of the Merit Systems Protection Board ("Board"), No. SE3443020336–I–1, dismissing his appeal from a determination by the Department of Transportation, Federal Aviation Administration ("FAA" or "agency") that he was not qualified for certain positions for which he applied. Because the Board properly determined that it lacked jurisdiction to hear Mr. Burroughs' appeal, we *affirm*.

BACKGROUND

Mr. Burroughs applied in 2002 for four Aerospace Engineer positions in the FAA, Renton, Washington office. That office's Program Management Specialist informed Mr. Burroughs that she found he was not qualified for the four positions. Mr. Burroughs appealed the disqualification finding and the Manager of the Human Resources Division of that office also found that Mr. Burroughs was not qualified for any of the four positions.

Mr. Burroughs appealed the FAA's disqualification finding to the Board and characterized the agency's disqualification finding as an employment practice appealable to the Board under 5 C.F.R. Part 300. Specifically, he claimed that the vacancy announcements for the four positions did not properly state the education requirements in violation of the Office of Personnel Management's ("OPM") regulations.

The Board's Administrative Judge issued an order directing Mr. Burroughs to show cause why his appeal should not be dismissed for lack of jurisdiction. Mr. Burroughs filed a response and asserted as an additional basis for jurisdiction that the agency's disqualification finding was an adverse suitability determination appealable to the Board under 5 C.F.R. Part 731.

After considering Mr. Burroughs' response, the Administrative Judge granted the FAA's motion to dismiss the appeal for lack of jurisdiction. Mr. Burroughs filed a petition for review with the full Board.

The Administrative Judge's initial decision became the final decision of the Board when the full Board denied Mr. Burroughs' petition for review in a final decision for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). Whether the Board has jurisdiction over an appeal is a question of law, which we review without deference. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000).

The Board's jurisdiction is limited to those matters conferred on it by applicable law or regulation. 5 U.S.C. § 7701(a) (2000); *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985). Mr. Burroughs has the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i) (2002).

On appeal, Mr. Burroughs argues that he is an FAA employee for purposes of jurisdiction. Mr. Burroughs further maintains that the Board has jurisdiction over his appeal because the FAA's disqualification finding was both an employment practice and an adverse suitability determination, which he contends are both appealable to the Board pursuant to 5 C.F.R. Part 300 and Part 731, respectively.[1] Mr. Burroughs lastly argues that the Board rendered its initial decision before time had run on discovery, thereby impeding his attempt to proceed with discovery to establish jurisdiction.

The government responds that the Board lacks jurisdiction over Mr. Burroughs' appeal because he is not an FAA employee and both 5 C.F.R. Part 300 and Part 731 apply only to FAA employees. In support, the government submits that when Congress restored Board appeal rights to FAA employees in 2000, the restoration was specific to FAA employee claims divested by Congress in 1996. *See* Wendell H. Ford Aviation Investment and Reform Act of the 21st Century, Pub.L. No. 106–181, § 307(a), 114 Stat. 61 (2000) (codified at 49 U.S.C. § 40122(g)(3)); *Zufan v. Dep't of Transp.*, 91 M.S.P.R. 258 ¶ 15 (2002). The government further argues that even assuming Mr. Burroughs has standing to appeal, he has failed to allege the elements of a claim under either 5 C.F.R. Part 300 or Part 731. Lastly, the government argues that there was no error in the timing of the issuance of the initial decision dismissing Mr. Burroughs' appeal for lack of jurisdiction because his motion to compel was seeking discovery concerning the merits of the FAA's disqualification finding.

The Board agreed with the government that Mr. Burroughs lacked standing to appeal under either 5 C.F.R. Part 300 or Part 731. It further concluded that, even if standing exists, Mr. Burroughs did not

---

**1.** 5 C.F.R. Part 300 and Part 731 derive their authority from Title 5 of the United States Code. The former covers appeals of employ-ment practices to the Board, and the latter covers appeals of adverse suitability determinations.

raise an employment practice claim under the former or a suitability determination claim under the latter. Therefore, the Board granted the FAA's motion to dismiss Mr. Burroughs' appeal.[2]

We conclude that it is unnecessary, in the context of this case, to determine whether or not 5 C.F.R. Part 300 and Part 731 apply only to FAA employees and whether Mr. Burroughs is an FAA employee. This is so because we agree with the Board that even assuming Mr. Burroughs has standing, he has failed to allege the elements of a claim which, if proven, could establish the Board's jurisdiction under either 5 C.F.R. Part 300 or Part 731.

A candidate who believes that an employment practice was applied to him or her by the OPM in violation of a basic requirement set forth in 5 C.F.R. § 300.103 may appeal to the Board. *See* 5 C.F.R. § 300.104(a) (2002). The jurisdictional grant of § 300.104 applies only to employment practices applied by OPM; it does not provide the Board with jurisdiction over employment practices of the agencies, even if those employment practices violate § 300.103. *See* 5 C.F.R. § 300.104; *see also Hall v. Dep't of the Air Force*, 10 MSPB 810, 12 M.S.P.R. 288, 289 (1982). Mr. Burroughs, however, challenges the FAA's finding that he is not qualified for any of the four positions for which he applied. Specifically, he complains that the vacancy announcement un-

der which he applied did not fully set out the OPM qualification standard that the FAA applied to his application in violation of OPM regulations. Thus, because Mr. Burroughs alleges an improper employment practice utilized by the FAA and not the OPM, § 300.104 does not give the Board jurisdiction over Mr. Burroughs' appeal.[3]

Mr. Burroughs also fails to allege an adverse suitability determination appealable to the Board under 5 C.F.R. Part 731. The Board has jurisdiction to consider an applicant's non-selection that is the result of a suitability determination made by the OPM or by agencies operating under delegated authority from OPM. *See* 5 C.F.R. § 731.501. Adverse suitability determinations are based on factors related to performance and behavior, e.g., misconduct or negligence in employment, criminal or dishonest conduct, intentional false statements or deception or fraud in examination or appointment, or illegal use of narcotics or alcohol. *See* 5 C.F.R. § 731.202 (2002). The FAA found that Mr. Burroughs was not suitable for any of the four positions for which he applied because he lacks the requisite education and/or experience. This is not a decision based on one of the suitability factors set forth in § 731.202 and, thus, Mr. Burroughs' challenge to the decision is not a claim within the Board's Part 731 jurisdiction.

---

2. The Board noted that it did not have authority to determine whether Mr. Burroughs' claim constitutes a request for review of OPM regulations and that in any event such requests should be directed to the Board pursuant to 5 C.F.R. § 1203.13. The government explains on appeal that Mr. Burroughs' regulation review is currently pending before the Board. In addition, although Mr. Burroughs alleges that the FAA's disqualification finding constitutes age discrimination, the Board determined that because the appeal was not

otherwise within the Board's jurisdiction, it could not entertain his discrimination claim.

3. An applicant for a competitive service position may appeal an individual rating to the OPM. *See* 5 C.F.R. § 300.104(b). The Board determined that it is unclear whether Mr. Burroughs has standing to file such an appeal, but that it was unnecessary to address the issue because Mr. Burroughs did not appeal the initial disqualification finding to the OPM.

Lastly, we agree with the government that the Board's initial determination was not premature because it is clear from Mr. Burroughs' motion to compel that he was seeking discovery concerning the merits of the FAA's disqualification finding. Thus, there was no error in the timing of the Board's issuance of its initial decision dismissing his appeal for lack of jurisdiction.

Accordingly, we affirm the Board's final decision dismissing Mr. Burroughs' appeal for lack of jurisdiction.