Milo D. BURROUGHS, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 03–3285.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 2, 2004.

Before LOURIE, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Milo D. Burroughs ("Burroughs") appeals a July 1, 2003 final decision of the Merit Systems Protection Board ("Board"), *Burroughs v. Office of Pers. Mgmt.*, 94 M.S.P.R. 315 (2003), (*"Burroughs II"*), ruling that he had failed to state a claim, and therefore denying his petition for review of the Board's September 6, 2002 initial decision dismissing his appeal from a determination by the Department of Transportation, Federal Aviation Administration ("FAA") that he was not qualified for certain positions for which he had applied. Because the Board properly determined that Burroughs had failed to state a claim, we *affirm*.

## BACKGROUND

This case marks the second time that Burroughs has brought the FAA's decision not to hire him before this court. *See Burroughs v. Merit Sys. Prot. Bd.*, 73 Fed.Appx. 415 (Fed.Cir.2003) (*"Burroughs I"*). The operative factual background of Burroughs's claims remains unchanged. In 2002, Burroughs applied for four Aerospace Engineer positions in the FAA's Renton, Washington office. That office's Program Management Specialist informed Burroughs that she found him not qualified for the four positions. Burroughs appealed the disqualification finding. The Manager of the Human Resources Division of that office also found Burroughs unqualified for any of the four positions. *Id.* at 415.

Burroughs characterized the FAA's disqualification finding as an employment practice appealable to the Board under 5 C.F.R. Part 300, and appealed the finding to the Board. The Board's Administrative Judge issued an order directing Burroughs to show cause why his appeal should not be dismissed for lack of jurisdiction. Burroughs filed a response and asserted as an additional basis for jurisdiction that the agency's disqualification finding was an adverse suitability determination appealable to the Board under 5 C.F.R. Part 731. After considering Burroughs's response, the Administrative Judge granted the FAA's motion to dismiss the appeal for lack of jurisdiction. Burroughs filed a petition for review with the full Board. The full Board then adopted the Administrative Judge's position as its final decision, and denied Burroughs's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. *Burroughs I,* 73 Fed.Appx. at 416. He appealed to this court, and we affirmed. *Id.*

One of the arguments that Burroughs forwarded in his petition for review by the Board, however, amounted to a request for a review of Office of Personnel Management ("OPM") regulations. The Clerk of the Board docketed that matter separately, as a request for regulation review. That separate claim forms the basis of Burroughs's instant appeal. On July 1,

2003, while our ruling on Burroughs's appeal of the Board's earlier dismissal was still pending, the Board issued its final decision in the instant matter, ruling that Burroughs had failed to state a claim under 5 U.S.C. § 1204(f). Burroughs timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

■ We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The Board's dismissal of Burroughs's appeal for failure to state a claim upon which relief can be granted is a question of law. *See W. Co. of N. Am. v. United States*, 323 F.3d 1024, 1029 (Fed. Cir.2003). We review the Board's rulings on questions of law without deference. *See Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000).

■ The Board's jurisdiction is limited to those matters conferred on it by applicable law or regulation. 5 U.S.C. § 7701(a) (2000); *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985). The Board has original jurisdiction to review rules and regulations issued by the Office of Personnel Management (OPM). 5 U.S.C. § 1204(f)(1). In exercising that jurisdiction, the Board is authorized to declare OPM rules and regulations invalid if their implementation *requires* agencies to commit prohibited personnel practices, as defined in 5 U.S.C. § 2302(b). *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886–87 (Fed.Cir.1998).

■ The Board's analysis was correct. According to Burroughs, who is 73 years old, the FAA's Renton office—alone among FAA offices—requires applicants to complete a "suitability form" requesting that they provide their date of birth as part of the application process. Burroughs argues that an applicant should not be required to provide his age until after a job offer has been made. He asserts that the request for his date of birth as part of the application process constitutes a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(B), which prohibits age discrimination in "any personnel action ... taken against any employee or applicant for employment."

Burroughs argues that OPM failed to maintain oversight and standardization as required by 5 U.S.C. § 1104 and 5 C.F.R. § 250.102: "The bottom line is that OPM's failure to implement is the direct cause of prohibited personnel practices and does not ensure standards, merit system principles, compliance with civil service laws, rules and regulations as mandated by 5 USC/CFR [sic]." *Burroughs II*, 94 M.S.P.R. at 318. Burroughs, however, never did specify—either below or on appeal—precisely which regulation's application he was challenging, though he did mention 5 C.F.R. § 250.102 in his briefs to the Board. That regulation, in its entirety, reads:

> In certain circumstances, an agency will receive authorities through a delegation agreement developed between the agency and OPM. The agreement will set forth the conditions for application of the delegated authorities. The agreement will include a description of minimum standards of performance and the system of oversight to be used by the agency and by OPM in monitoring the use of each delegated authority.

*Id.* OPM responds that Burroughs has failed to state a claim because he did not

identify a specific regulation in which implementation by an agency requires an employee to commit a prohibited personnel practice. *See Prewitt*, 133 F.3d at 886–87.

The Board described "the most favorable reading" of Burroughs's allegations as a complaint that "OPM has invalidly implemented section 250.102 and that, as a direct result, an FAA employee was required to commit a prohibited personnel practice, namely, to find [Burroughs] unqualified for positions on the basis of his age." *Burroughs II*, 94 M.S.P.R. at 318. The Board noted that even under this most favorable reading, Burroughs still failed to demonstrate how OPM's allegedly flawed implementation of § 250.102 *required* an employee to commit a prohibited personnel practice. At best, OPM's alleged lack of oversight *permitted* employees to discriminate against him on the basis of his age. The appropriate forum for such claims is the Equal Employment Opportunity Commission ("EEOC"), *see* 29 U.S.C. §§ 631, 633a, not the Board. The Board concluded that because Burroughs did not even allege that any OPM regulation required a federal employee to commit a prohibited personnel practice, he had failed to state a claim under 5 U.S.C. § 1204(f). *See Prewitt*, 133 F.3d at 886–87.

■ The Board also rejected, in a footnote, Burroughs's complaints about a time extension that the Board had granted to OPM when OPM asserted that it had never received Burroughs's claim. We see no reversible error in the Board's grant of this time extension.

## CONCLUSION

Because the Board's analysis was correct, we affirm.