**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HOWARD ROGERS,<br>            Appellant, | DOCKET NUMBER<br>AT-0353-14-0081-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>            Agency. | DATE: September 10, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Howard Rogers, Cheraw, South Carolina, pro se.

Janelle M. Sherlock, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On October 1, 2009, the appellant accepted a rehabilitation modified position as a full-time PS-6 Mail Processing Clerk at the Cheraw, South Carolina Post Office.[2] Initial Appeal File (IAF), Tab 4 at 36-37, 44. On February 24, 2010, the agency notified him that his position would be abolished pursuant to a "Function 4 Review," that he would be involuntarily reassigned to a vacant full-time position at the Post Office in Dillon, South Carolina, and that the agency would provide moving expenses, mileage, per diem, and reimbursement for movement of household goods.[3] *Id.* at 50-51. In the alternative, the agency offered the appellant the option of a PS-6 part-time flexible position at his current duty station, which he accepted effective July 17, 2010. *Id.* at 50-51, 55.

---

[2] The appellant sustained a traumatic workplace injury in 1995, and the Office of Workers' Compensation Programs accepted his claim for cervical subluxation on or about June 3, 1996. IAF, Tab 4 at 19-26.

[3] The agency explained that Dillon is located about 35 miles away from Cheraw. IAF, Tab 4 at 9 n.8. According to Google maps, however, it appears there are approximately 41.6 miles between the two towns.

¶3      Over 3 years later, the appellant filed a grievance apparently challenging the possibility that, as a part-time flexible employee, his hours could be reduced. *See* IAF, Tab 1 at 4; *see also* IAF, Tab 4 at 8. On August 28, 2013, the union withdrew the grievance as part of a Step 2 settlement agreement. IAF, Tab 4 at 62. The appellant subsequently filed an appeal with the Board, alleging improper restoration and involuntary resignation occurring on the date of the settlement agreement, August 28, 2013. IAF, Tab 1 at 3.

¶4      The agency moved to dismiss the appeal for lack of jurisdiction, noting that the basis of the appeal was unclear, but that no possible grounds existed to find Board jurisdiction. IAF, Tab 4 at 6-11. Specifically, the agency contended that: (1) to the extent the appeal pertained to the possibility that the appellant's hours might be reduced, such is not an appealable adverse action because he was a part-time flexible employee; (2) to the extent the appeal pertained to the appellant's reassignment to a part-time flexible position, such action was not appealable as it was a voluntary action; (3) to the extent the appellant alleged improper restoration, his claim failed because he had not been out of work due to a compensable injury and, in any event, he was given the option of a full-time regular position within the local commuting area, but chose the part-time flexible position; and (4) the appeal was untimely filed. *Id.* at 8-11.

¶5      The administrative judge subsequently ordered the appellant to carefully review the agency's motion to dismiss and to fully respond to its contentions on jurisdiction. IAF, Tab 5. In his response, the appellant stated, among other things, that he had a compensable injury; that the full-time regular position he was offered was outside of the installation, contrary to the collective bargaining agreement; and that he had been subject to an adverse personnel action because, working as a part-time flexible, he had to use sick and annual leave to "make up forty hours in a work week." IAF, Tab 6 at 1-4.

¶6      In a January 26, 2014 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction on the grounds that the appellant's

reassignment was voluntary. IAF, Tab 7, Initial Decision (ID). Regarding the appellant's claims of disability discrimination, the administrative judge explained that, absent an otherwise appealable action, allegations of discrimination are insufficient to bring an appeal within the Board's jurisdiction. *See* ID.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    The appellant petitioned for review of the initial decision. Petition for Review (PFR) File, Tab 1. He appears to argue that the Board has jurisdiction over his claim because an employee's perception of a prohibited personnel practice has a negative effect on organizational effectiveness. *Id.* at 1-2. Further, he appears to argue that the Board should review an unspecified regulation. *Id.* at 2-3. The agency opposed the petition for review on the grounds the appellant failed to state any new or material facts or any allegation of judicial error, and failed to show any evidence of a prohibited personnel practice. PFR File, Tab 3. In reply to the agency's response, the appellant argues that the agency has violated the Rehabilitation Act; that although the agency purportedly abolished the full-time clerk position, he is still in Cheraw working 40 hours per week plus overtime; that he has lost his scheduled day off and holiday pay; and that his driving restriction would not have allowed him to commute to Dillon. PFR File, Tab 4.

¶8    On review, the appellant fails to show that his newly-raised arguments regarding an alleged prohibited personnel practice or an alleged agency violation of the Rehabilitation Act are based upon new and material evidence that was previously unavailable to him below despite his due diligence. *See* PFR File, Tabs 1, 4. Accordingly, his arguments need not be considered by the Board. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

¶9    Further, the appellant does not challenge, and we discern no reason to disturb, the administrative judge's finding that the appellant's acceptance of the

part-time flexible position in Cheraw was voluntary. *See, e.g.*, *Smitka v. U.S. Postal Service*, 66 M.S.P.R. 680, 687 (1995) (the mere fact that an employee is faced with unpleasant alternatives does not render his choice of one of those alternatives involuntary), *aff'd*, 78 F.3d 605 (Fed. Cir. 1996). As such, the Board lacks jurisdiction over his appeal. *See Burgess v. U.S. Postal Service*, 68 M.S.P.R. 469, 473 (1995) (the Board lacks jurisdiction over voluntary actions).

¶10    Insofar as the appellant seeks to invoke the Board's regulation review authority, he has failed to provide the requisite information pursuant to 5 C.F.R. § 1203.11(b), which requires, inter alia, a citation identifying the regulation being challenged, a statement describing in detail the reasons why the regulation would require an employee to commit a prohibited personnel practice, specific identification of the prohibited personnel practice at issue, and a description of the action the requester would like the Board to take. *See Burroughs v. Office of Personnel Management*, 94 M.S.P.R. 315, ¶ 5 (2003), *aff'd*, 89 F. App'x 699 (Fed. Cir. 2004). Accordingly, we deny his possible request for regulation review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.