**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KELLI KAYE HOLLORAN,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DOCKET NUMBER<br>CB-1205-23-0010-U-1<br><br><br>DATE:  September 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kelli Holloran, Florence, Arizona, pro se.

Mark Goldner, Esquire, Chapel Hill, North Carolina, for the agency.

Tabitha G. Macko, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　　The petitioner requests that we review an Office of Personnel Management (OPM) regulation relating to temporary and term employment, pursuant to our

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

authority under 5 U.S.C. § 1204(f). *Holloran v. Office of Personnel Management*, MSPB Docket No. CB-1205-23-0010-U-1, Request File (RF), Tab 1. For the reasons discussed below, we DENY the petitioner's request.

## BACKGROUND

¶2 On March 23, 2023, the petitioner filed an appeal with the Board, alleging that she applied to a job offer for a "TERM appointment" but was offered and accepted a permanent position as a Program Specialist on August 6, 2020; however, almost 2 years later, the agency notified petitioner that her permanent appointment was a mistake and amended her appointment to a 2-year term appointment. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DC-3443-23-0359-I-1, Initial Appeal File (0359 IAF), Tab 1 at 5; RF, Tab 1 at 6.

¶3 In a May 3, 2023 order to show cause, the administrative judge advised the petitioner it appeared that she had not been subjected to an appealable removal action and instructed her to show cause as to why her case should not be dismissed for lack of jurisdiction. 0359 IAF, Tab 13 at 1-2. In her response, dated May 11, 2023, the petitioner asserted that the Board had original jurisdiction over her claims pursuant to its authority to review regulations promulgated by OPM. 0359 IAF, Tab 14 at 4-5. On May 12, 2023, the administrative judge issued a notice to the appellant advising her that a request for regulation review must be filed with the Office of the Clerk of the Board, pursuant to the provisions of 5 C.F.R. §§ 1201.11-1201.14.[2] 0359 IAF, Tab 15 at 1-2.

---

[2] On May 15, 2023, the administrative judge dismissed the petitioner's appeal for lack of jurisdiction. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DC-3443-23-0359-I-1, Initial Decision at 1 (May 15, 2023); 0359 IAF, Tab 17. On June 18, 2023, the petitioner filed a petition for review of the initial decision with the full Board, which the Board denied. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DC-3443-23-0359-I-1, Final Order (Sept. 3, 2024).

¶4		On May 12, 2023, the petitioner filed a "Request for Regulation Review." RF, Tab 1. In her request she appears to identify 5 C.F.R. § 316.301 as a regulation implemented in a way that required employees to violate a prohibited personnel practice. *Id.* at 6-7. Section 316.301 provides:

> (a) An agency may make a term appointment for a period of more than 1 year but not more than 4 years to positions where the need for an employee's services is not permanent. Reasons for making a term appointment include, but are not limited to: project work, extraordinary workload, scheduled abolishment, reorganization, contracting out of the function, uncertainty of future funding, or the need to maintain permanent positions for placement of employees who would otherwise be displaced from other parts of the organization. Agencies may extend appointments made for more than 1 year but less than 4 years up to the 4–year limit in increments determined by the agency. The vacancy announcement should state that the agency has the option of extending a term appointment up to the 4–year limit.
>
> (b) OPM may authorize exceptions beyond the 4–year limit when the extension is clearly justified and is consistent with applicable statutory provisions. Requests to make and/or extend appointments beyond the 4–year limit must be initiated by the employing office and sent to the appropriate OPM service center.

*Id.*

¶5		In her request for review, the petitioner states that the "workload and lack of personnel at the Board of Veterans['] Appeals does not fall under the legal justification for 'TERM appointment' described above, nor for the posting of many of these positions as term." RF, Tab 1 at 7. She contends that her position is "continuous," suggesting that the need for it is permanent. *Id.* at 7. She also quotes a letter from a Veterans Law Judge[3] which states that the Board of Veterans' Appeals Human Resources division "cannot effectively handle the full scope of personnel-related actions needed for our 1,250-person organization." *Id.* at 5.

---

[3] The referenced letter is not in the record.

¶6 The petitioner asserts that the agency implemented 5 C.F.R. § 316.301(a) and "OPM policies" in a manner that violated 5 U.S.C. § 2302(b)(4), engaging in a prohibited personnel practice by "deceiv[ing] or willfully obstruct[ing] any person with respect to such person's right to compete for employment" by changing her permanent position to a term position. 5 U.S.C. § 2302(b)(4); RF, Tab 1 at 10. She also claims that the agency violated 5 U.S.C. § 2302(b)(8) and (b)(9), which prohibit taking a personnel action against an employee in reprisal for a protected disclosure, or for "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation," among other things. RF, Tab 1 at 10-11. As to relief, the petitioner requests that the Board change her position to "permanent;" for a review to be conducted to determine whether other employees have had their permanent positions "revoked;" and for the Board to determine that the Veterans' Appeals Board is incorrectly posting positions as "[t]erm" positions. *Id.* at 14.

¶7 OPM filed a response on July 14, 2023, arguing that the petitioner failed to properly identify a challenged regulation, because the petitioner stated she requested the MSPB "determine if *any* OPM rule is . . . invalid on its face. . . ." RF, Tab 14 at 6 (quoting RF, Tab 1 at 12) (emphasis added). The agency also contends that the petitioner does not meet the Board's prudential criteria for review, because this issue will be timely reached through normal channels of appeal; other equivalent remedies are available; the extent of the regulation's application is not broad, because the petitioner failed to identify a regulation; and the strength of the argument against the regulation's validity is weak. RF, Tab 14 at 8-9.

¶8 The Department of Veterans Affairs also filed a response to the petitioner's request for regulation review. RF, Tab 12. The agency asserts that the petitioner failed to properly identify a challenged regulation and did not describe in detail how regulations were connected to the prohibited personnel practices at issue. *Id.* at 5-7. Further, the agency argues that the petitioner did not explain how the

alleged invalid implementation of a regulation required the commission of a prohibited personnel practice. *Id.* at 7-8.

¶9 The petitioner filed a reply to the agencies' responses, detailing her claims. RF, Tab 18. She alleges she received a tentative offer letter for a term position, allegedly spoke to a Human Resources employee who told her the position would be changed to permanent,[4] and received a final email confirming her official selection and acceptance, which referred to her position as permanent.[5] *Id.* at 5-17. She additionally contends that the Board of Veterans' Appeals has violated 5 U.S.C. § 2302(b)(6) by granting a "preference or advantage [to others] for the purpose of improving or injuring the prospects of any particular person for employment." *Id.* at 17 (citing section 2302(b)(6)).[6]

## ANALYSIS

¶10 The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, on its face, require any employee to violate a prohibited personnel practice as defined by 5 U.S.C. § 2302(b). *See*

---

[4] In a previous appeal, the agency also submitted a July 6, 2021 email from Veterans Affairs personnel to the petitioner, stating that as per their discussion, the petitioner was being considered for a term position, and provided additional information about term appointments. 0359 IAF, Tab 9 at 23.

[5] The petitioner first received an email stating that she had been selected for and accepted a position as an Attorney Advisor, and then received a "corrected" letter stating that she had been selected for and accepted a position as a Program Specialist. RF, Tab 6 at 9-13.

[6] The petitioner has also, throughout her filings, alleged that she has been pursued by "an extremely wealthy stalker," that her cell phone has been hacked, and that she believes that the incident regarding her job status continues "[the stalker's] harassment and abuse of me which has persisted since 2011." RF, Tab 13 at 3; *see also* RF, Tab 16 at 6-15. The petitioner further argues that the Department of Veterans Affairs attorney assigned to this matter is involved with agency retaliation against her because the attorney was also assigned to another case involving the petitioner and because the interrogatories in that case were "not relevant." RF, Tab 7 at 4-6, Tab 16 at 4-6. These allegations do not state any claim over which the Board has jurisdiction.

5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board determines that the provision, as implemented, has required any employee to violate a prohibited personnel practice. 5 U.S.C. § 1204(f)(2)(B).

¶11 The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take. 5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, ¶ 7 (2012); *Di Jorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). This information is required to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

¶12 Here, the petitioner identifies 5 C.F.R. § 316.301, regarding the appointment of term employees, as a regulation at issue. Under the most favorable reading of her argument, she appears to make two allegations regarding the regulation's purportedly invalid implementation: (1) that the Board of Veterans' Appeals is appointing "term" employees when the employees should be appointed in a "permanent" status; and (2) that the Board of Veterans' Appeals is appointing "permanent" employees and then revoking their permanent status, re-appointing them as "term" employees. RF, Tab 1 at 7, 13.[7]

---

[7] The petitioner also cites to an OPM Delegated Examining Operations (DEO) Handbook and additional regulations, including 5 C.F.R. § 315.401 (Reinstatement); 5 C.F.R. § 210.102 (Definitions); and 5 C.F.R. § 316.302(b)(1) (Selection of term employees), in her submissions. She speculates that the Board of Veterans' Appeals implemented "an adaptation of offering Term limit positions and then changing them to permanent positions" using these regulations and policy but does not appear to challenge them under section 1204(f). RF, Tab 1 at 8-9, 13. To the extent she is contending that these policies and regulations or their implementation required an employee to commit a prohibited personnel practice, she fails to state a claim within the Board's jurisdiction. 5 C.F.R. § 1203.11(b); *see also Kligman v. Office of Personnel Management*, 103 M.S.P.R. 614, ¶ 14 (2006) (finding that the OPM DEO Handbook is

¶13        With respect to her first allegation, the petitioner fails to provide any statement explaining why her assertion that the Board of Veterans' Appeals is appointing "term" employees when, in her view, the employees should be appointed in a "permanent" status under the regulations, has required or would require an employee to commit any prohibited personnel practice.  *See* 5 C.F.R. § 1203.11(b) (contents of regulation request must contain statement describing in detail why the regulation or implementation of the regulation requires an employee to commit a prohibited personnel practice).  Rather than claiming that 5 C.F.R. § 316.301 is invalid because it requires commission of a prohibited personnel practice, the petitioner appears to be claiming that the agency is violating the regulation.   However, the Board's authority under 5 U.S.C. § 1204(f) is limited to its role in protecting the merit system from the enumerated prohibited personnel practices; enforcement of regulations is not within the scope of a regulation review request.  *Roesel*, 119 M.S.P.R. 15, ¶ 9; *see also National Association of Government Inspectors v. Office of Personnel Management*, MSPB Docket No. CB-1205-13-0017-U-1 (0017), Final Order (Aug. 14, 2014), ¶ 7 (explaining that enforcement of regulations is outside the scope of a regulation review request pursuant to section 1204(f)).   Accordingly, the Board has no jurisdiction over this allegation. *See Garcia v. Office of Personnel Management*, 109 M.S.P.R. 266, ¶ 6 (2008) (where a petitioner fails to explain how a regulation requires the commission of a prohibited personnel practice or fails to identify the prohibited personnel practice at issue, the Board has denied the regulation review request); *Radford v. Office of Personnel Management*, 69 M.S.P.R. 250, 254 (1995) ("To obtain review, the petitioner must allege facts showing that the regulation requires an employee to commit a prohibited personnel practice.").

¶14        With respect to the petitioner's second allegation—that the Board of Veterans' Appeals is hiring "permanent" employees and then changing their status to "term"—the petitioner states that  "reverting the Appellants [sic] status

not a regulation for purposes of section 1204(f)).

to 'Term Employee'" required employees to commit a prohibited personnel practice by "deceiving or willfully obstructing any person with respect to such person's right to compete for employment," arguing that she no longer has the "capability to compete for any future position as a career tenured employee." RF, Tab 1 at 10, 12.

¶15 According to the petitioner's submissions, however, she applied to, and received, a tentative offer for a term position, but later received a final letter confirming her acceptance of her position which referred to the position as "permanent." RF, Tab 18 at 5, 11-14. The petitioner was not obstructed from competing for a position. Nor has she explained how her classification as a term employee would prevent her from competing for future positions. Under the Board's regulations, the individual requesting review must provide "a statement (along with any relevant documents) describing in detail the reasons why the regulation would require an employee to commit a PPP [prohibited personnel practice]." 5 C.F.R. § 1203.11(b). Because she has failed to provide such a statement, the petitioner has failed to meet her burden under 5 C.F.R. § 1203.11(b). *See Garcia v. Office of Personnel Management*, 109 M.S.P.R. 266, ¶ 6 (2008) (where a petitioner fails to explain how a regulation requires the commission of a prohibited personnel practice, the Board has denied the regulation review request).

¶16 The petitioner also alleges that the agency violated 5 U.S.C. § 2302(b)(8), which forbids an employee to "take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment" because of a protected disclosure. She appears to allege that she "notif[ied] Human Resources of being listed on a "Term Employee" mass email," and therefore the agency retaliated against her by changing her position from "permanent" to "term." RF, Tab 1 at 12. However, the petitioner does not explain why any implementation of the regulation required the commission of this alleged prohibited personnel practice. *See Caracciolo v. Office of Personnel*

*Management,* 102 M.S.P.R. 140, ¶ 5 (2006) (finding that the petitioner did not explain how implementation of the regulation would require an employee to violate section 2302(b)(8), and therefore failed to allege a claim under section 1204(f)). Instead, she appears to be requesting that the Board enforce the whistleblower statute. But, as stated previously, such enforcement is outside the scope of a regulation review request pursuant to section 1204(f). *See* 0017 Final Order, ¶ 7. Rather, the petitioner may (if she has not already done so) characterize her request as an individual right of action (IRA) claim under 5 U.S.C. § 1221. Accordingly, these allegations do not set forth a regulation review claim that is within the Board's jurisdiction.

¶17 Similarly, the petitioner alleges that the implementation of 5 C.F.R. § 316.301 requires that the Board of Veterans' Appeals violate 5 U.S.C. § 2302(b)(9), which prohibits an employee from taking, or failing to take, or threatening to take or fail to take, a personnel action in reprisal for:

> (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation--
>
> (i) with regard to remedying a violation of paragraph (8); or
>
> (ii) other than with regard to remedying a violation of paragraph (8);
>
> (B) testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii);
>
> (C) cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law; or
>
> (D) refusing to obey an order that would require the individual to violate a law, rule, or regulation.

5 C.F.R. § 316.301.

¶18 However, the petitioner has not proffered any explanation as to why the alleged implementation of 5 C.F.R. § 316.301 would require an employee to violate section 2302(b)(9). *See Ragland v. Office of Personnel Management*, 115 M.S.P.R 374, ¶ 6 (2010) (finding that, although the petitioner cited a

prohibited personnel action, he failed to explain how the agency's purportedly incorrect interpretation requires an employee to commit the prohibited personnel practice, and therefore had not articulated a regulation review claim within the Board's jurisdiction); Bu*rroughs v. Office of Personnel Management*, 94 M.S.P.R. 315, ¶ 6 (2003) (finding that the petitioner's claim failed to explain why the alleged failure to implement the regulation requires an employee to commit a prohibited personnel practice), *aff'd per curiam*, 89 F. App'x 699 (Fed. Cir. 2004). Again, her claim is properly characterized as a potential IRA claim under 5 U.S.C. § 1221 and is not a regulation review claim within the Board's jurisdiction under section 1204(f).

¶19 Finally, the petitioner alleges that Board of Veterans' Appeals has violated 5 U.S.C. § 2302(b)(6), which prohibits:

> [G]rant[ing] any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment.

*Id.*

¶20 Petitioner appears to challenge the extension of certain employees' terms of employment. RF, Tab 15 at 4; Tab 18 at 17-18. Again, however, the petitioner did not explain why 5 C.F.R. § 316.301 or the agency's implementation of it would require the commission of a prohibited personnel practice; and to the extent she asserts a stand-alone claim that the agency violated the statute, such claim must be brought in an individual appeal and not as a section 1204(f) regulation review request. *See* 0017 Final Order, ¶ 7. As a result, the Board has no jurisdiction over this claim. *See Ragland*, 115 M.S.P.R 374, ¶ 6; *Burroughs*, 94 M.S.P.R. 315, ¶ 6.

**ORDER**

Accordingly, the petitioner's request for regulation review is denied.  This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.